# Roy *v.* Roy, *et al.*

*Bill for Removal of the Administration of an Estate From Probate to Chancery Court, and to Sell Land for Division.*

(Decided Feb. 4, 1909. 48 South. 793.

*Administration of Estates; Sale of Land for Distribution; Chancery Procedure.*—Sections 157, et seq., Code 1896, furnished the only authority to any court to sell the lands of a decedent for the purpose of distribution, and hence, the requirements of these sections must be complied with, where the sale is made by the chancery court, as well as when made by the probate court.

(McClellan, J., dissenting.)

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

[Roy v. Roy, et al.]

Bill by Roy against Roy and others to remove the administration of an estate from the probate to the chancery court, and for a sale of decedent's land for distribution. From a decree ordering a private sale, respondents appeal. Reversed and remanded.

STERLING A .WOOD, and GEORGE A. SMITH, for appellant. The court erred in ordering the sale upon the procedure set forth in the record after the filing of the petition for sale. The procedure required in the probate court should have been followed.—*Bromberg v. Bates,* 112 Ala.; *Sharpe v. Sharpe,* 76 Ala. 312; *Bragg v. Beers,* 71 Ala. 151. The court erred in requiring a bond of the purchaser at the sale.—*Bragg v. Beers, supra;* Sec. 759, Code 1896. In the absence of a statutory provision an equity court has no jurisdiction to sell lands for partition among adult owners without their consent.—*Brown v. Hunter,* 121 Ala. 213; *Marshall v. Marshall,* 86 Ala. 387; *Davis, et al. v. Bingham, et al.,* 111 Ala. 295. The right of an administrator to sell lands for distribution is purely statutory.—*Wyatt v. Rambo,* 29 Ala. 526.

HENRY UPSON SIMS, for appellee. There was no error in rendering the decree of sale as the proper procedure was had.—*Avery v. Avery,* 47 Ala. 504. The following cases illustrate to what extent a chancery court is bound by the laws governing probate courts in the sale of real estate.—*Talliferro v. Brown,* 11 Ala. 702; *Hall v. Wilson,* 14 Ala. 295; *Wilson v. Crook,* 17 Ala. 59; *Bragg v. Beers,* 71 Ala. 151; *Sharpe v. Sharpe,* 76 Ala. 312. Nor is it necessary that the testimony in chancery be taken by deposition.—*Holman v. The Bank,* 12 Ala. 408; *Boardman v. Reed,* 6 Peters 328; *Talliferro v. Brown, supra.* Chancery has a right to order a sale by private contract.—Dan Chan. Prac. (2 Vol.) p. 1472; 3 P. Wms.

283; 2 Smith's Chan. 233; 1 Sugden B. & P. 64; 1 Bland Chan. 138; 22 S. E. 512. It is the court that sells and the court that confirms.—*Ex parte Branch,* 63 Ala. 383. No error was committed in requiring bonds.—Sec. 759, Code 1896; *Avery v. Avery, supra; Bragg v. Beers, supra.*

McCLELLAN, J.—The administration of the estate of James A. Roy, deceased, was properly removed from the probate into the chancery court of Jefferson county upon appropriate bill filed by Louis A. Roy, who was an heir at law of said interstate. Consequent upon this bill the usual processes and practices of the chancery court were employed to bring in parties respondent, resident and nonresident, adult and infant, and a guardian ad litem, consenting in writing to so serve, constituted, to represent the infant parties in interest in the cause. The jurisdiction, therefore, attached for all purposes of administration, unless infirmities to be considered intervened to thwart the effective exercise, in respect of the sale of the real estate for division, of the powers of the court.

Pending the administration, after removal, the administratrix, Cecelia N. Roy, a party respondent, filed her petition therein, praying a private sale of the real estate belonging to the estate for the purpose of division among those entitled thereto, upon the ground that the realty could not be equitably divided. The petition was favorably considered, and a decree entered ordering the private sale as prayed. In the course of the procedure, from the filing of the petition to the decree of (private) sale, the following steps, required in like proceedings in the probate court, conveniently thus enumerated by one of the solicitors in the cause, were not observed: (1) The day for the hearing was not 40 days after filing the petition. (2) There was no publication for non-

residents. (3) There was no appointment of guardian ad litem for that special proceeding. (4) There was no express denial of the averments of the petition. (5) Testimony was not taken by deposition. (6) The sale was authorized to be privately made, though subject to confirmation by the court.

The errors assigned propound these questions for decision: First. Is the chancery court, in administering an estate of which it has jurisdiction, bound, in order to effect a valid sale, for division, of real estate thereof, to observe the statutory requirements provided for such sales in the probate court? Second. May the chancery court validly order a private sale of real estate, subject to confirmation thereby? Third. Is the decree erroneous in requiring, as a condition precedent to the execution thereof, a bond as provided by Code 1896, § 759?

The majority of the court hold that, as the only authority for any court ordering the sale of a decedent's lands, for distribution, is found in section 157 et seq., of the Code of 1896, it necessarily follows that the requirements of those sections must be complied with, in the chancery as well as in the probate court. The day for the hearing should have been appointed, as required by statute. Publication should have been made as to nonresidents. There should have been a guardian ad-litem for this proceeding, and the sale should have been in accordance with the statute. The importance of the questions presented affored my reason for a statement of my views in dissent from the majority.

The first inquiry is more a matter of interpretation of our previous decisions bearing thereupon then the ascertainment and announcement of substantive law in the premises. For this reason, as well as because best promotive of the effort to declare a sound conclusion, I quote several of these adjudications, from the pens of our learned elders·

*Bragg v. Beers,* 71 Ala. 151: "It is true that a court
of equity, in the absence of statute conferring the juris-
diction, will not decree a sale of lands of an adult, to
make partition, without his consent. * * * Before the
jurisdiction of the court of probate to settle an adminis-
tration, and to make division and distribution, has been
put in exercise, without the assignment of any special
cause, devisees or heirs, legatees or distributees, may
resort to a court of equity for a settlement of the adminis-
tration. * * *The court (equity), proceeding according
to its own practices, is governed by and applies the law
controlling the settlement of administrations, the dis-
tribution of assets, or the partition or division of prop-
erty, which prevails in the court of probate. The parties
lose neither right nor remedy by resorting to a court of
equity, instead of invoking the jurisdiction of the pro-
bate court. If, to effect a final settlement, distribution,
and partition, a sale of lands is necessary, the court will
order the sale in all cases in which, under like circum-
stances, the court of probate would have had jurisdiction
to order it."

*Sharp v. Sharp,* 76 Ala. 312: "When a court of equity
takes jurisdiction of the administration of an estate of
a decedent, the court takes the estate in its condition
at the time of taking jurisdiction, and is governed by
the laws regulating and controlling the sale of property,
the payment of debts, and settlement of administrations
which are applicable to the administration of estates in
the probate court. Following its own practice, the court
will decree a sale of lands, when necessary, and when, in
similar cases, a court of probate would have had juris-
diction to order a sale. * * * The probate court has juris-
diction to order a sale of the lands of an intestate, in
only two cases—for the payment of debts and for dis-
tribution. * * *"

*Ex parte Lunsford,* 117 Ala. 224, 23 South. 529 : "And when the court (equity) takes jurisdiction, following its own rules of practice, it is often said that it will apply the law relating to administrations as it prevails in the court of probate. An examination of the cases in which this expression has been employed will show that by it no more was intended than that the court takes jurisdiction of the administration in the plight and condition in which it was in the court of probate, and will exercise whatever of statutory jurisdiction or authority that court could have exercised in drawing the administration to a final settlement." After referring to the two cases above quoted, with others, the opinion dominates the statutory jurisdiction of the probate court in the premises, and its exercise in the equity courts, as incidental to the general jurisdiction of the equity courts over the trust of administrators. In other words, the original jurisdiction of equity to administer estates, not being inclusive of jurisdiction to sell lands for division, is supplemented in jurisdiction to effect such sale by force of statute only. The conferring of that incidental statutory jurisdiction is expressed in Code 1896, § 3187, and its construction, as indicated, by this court, affords the authority by which equity proceeds to a sale for division.

I interpret the cited statute, in the light of previous decisions of this court, to impose on the equity courts, in the exercise of the statutory, incidental power to sell lands for division, pending administration of the estate, none of the conditions to its exercise by the probate courts, other than the substantive prerequisite to effecting such a sale, viz., that the lands cannot be equitably partitioned among those entitled thereto, must exist and be so judicially ascertained. Otherwise stated : That the practices of courts of equity were not supplanted,

by assimilation or otherwise, by the bestowal on courts of equity of the incidental power to effect such a sale.

The foundation for this conclusion, which exonerates courts of equity from the statutorily prescribed steps to call into play the power of courts of probate to make such sales, is the distinguishing, between the two courts, characteristic, viz., that equity, once assuming jurisdiction of an estate, will proceed to its final and complete settlement, adjudicating all questions and enforcing the rights of all concerned—a power unknown, of course, to courts of probate. The latter court, in sales of real estate for division, is therefore bound to the procedure defined in the statutory system to that end, and cannot exert the power independent of this procedure. The law is necessarily the same, in such matters, in both courts, and the law, as distinguished from the practices of each, is that the sale, passing title, when confirmed, may be effected when the court has judicially ascertained the fact that the real estate cannot be equitably partitioned. The basis stated for the view of the writer is thus aptly announced in *Tygh v. Dolan,* 95 Ala., at page 271, 10 South. at page 838 among others: "And when an administration is removed into the chancery court for any purpose or in any part, it is there in whole and for all purposes. There can be no splitting up of an administration, any more than any other cause of action. It is one proceeding throughout, in a sense, and the court having paramount jurisdiction of it must proceed to a final and complete settlement." Upon the bill for removal into the chancery court, jurisdiction, entire, was invoked and assumed, not only of the subject-matter—the administration of the estate—but by regular processes the parties were brought into the court. The guardian ad litem was formally so constituted in the entire cause. The sale of lands for division, because they could not

159—36

be equitably partitioned, was within, of course, the purview of the broad jurisdiction of the court to administer the estate— an element of jurisdiction conferred by statute, it is true, but none the less, if full disposal of the whole cause was to be effected, as, indeed, equity assumes to do, an element of that comprehensive jurisdiction.

The argument that, since the power possessed by courts of equity to sell lands for division is derived solely from statute, and must, therefore, result, in valid exercise, from the employment of all statutory steps thereto, is not applicable, for the reason, stated before, that the procedure for such sales in courts of probate was not imposed upon courts of equity exercising the jurisdiction to effect such sale in course of the administration of an estate. Independent of the pertinent decisions by this court, as the writer interprets them, there never was any occasion to cumber the equity court with the procedure required to be pursued by courts of probate. For instance, if the requirement, in the probate court, that the inability to effect equitable partition must be proven by deposition taken as in chancery cases before the sale for division could be validly had, is applicable to courts of equity, these courts would be denied their prerogative to refer to the register the ascertainment of the essential fact—would be compelled, without reference to the register, to determine the issue upon the proof taken. Nothing would be gained by such a limitation on practices of the equity courts, for the report of the register on issues of fact submitted for ascertainment is always accompanied with a statement of the testimony upon which the conclusion is based. The majority yield this statutory requirement, and yet its command is as imperative as any of the others held to be applicable. Like reason obviates an necessity to require 40 days to lapse between

the interposition of the application to sell and the hearing thereon. Under equity practices no reference to a register is ever held without notice thereof to parties in interest. This the court's practices demand, not only out of a purpose to afford such parties an opportunity to be present and to be heard in the premises, but also in order that the court, on its own account, may be fully advised as to its duty in the premises. Likewise the denial of the existence of the necessity to sell for division, or of any other material fact in such proceeding, in the chancery court, by the guardian ad litem, is not essential. The obligation to sustain the necessity to sell, rather than that partition be effected, is just as affirmative without such denial as with it. The court itself, or through confirmation of its register's report, must ascertain the existence of the necessity and propriety to so sell the real estate.

Authority to effect the sale in question by private contract was sought and granted. The writer was at first inclined to the view that no such power could be exercised by the court, and this independent of the statute requiring, in sales by the probate court, that such sales be at public outcry. Fuller consideration has led me to the contrary conclusion. The practice of courts of equity to direct such sales by private contracet seems to be well established, and so upon the idea that the manner of sale is a matter reposed in the sound discretion of that court. —Dan Ch. Prac. p. 1293, and authorities there noted; Cox v. Price (Va.) 22 S. E. 512. The court is the vendor, and its primary object is to obtain for the property, in the interest of those entitled to the proceeds, full value. This may be best accomplished by private contract, through such occasions must needs be rare. But, whether the sale be at public outcry, after due publicity, or by private contract, title thereunder does not pass until

[Roy v. Roy, et al.]

confirmation thereof by the court and the action of the court in that important particular would not be taken until fair opportunity is given parties in interest to resist if so desired the confirmation upon the ground among others of inadequancy of price, or, it may be, by such showing as would reasonably induce the court to conclude that a better and fairer price would be obtained by a sale at public outcry.

The decree of sale required, as a condition precedent to the sale thereunder, the execution of the bond stipulated in Code 1896, § 759. I think the theory upon which such sales for division rests denies the application of this statute to them. In other words, my opinion is that that statute has reference only to strictly adversary proceedings, by which property is subjected to obligations, aside from mere community of ownership. The theory underlying the sale for division, in preference to partition which cannot be equitably accomplished, is that each joint owner or tenant in common is entitled to have his interest segregated and delivered to him, and to do so the character of the common property is charged into money; but the interest of no one of such owners, save in the cost of the proceeding, which is generally distributed, is diminished or enhanced. No title or right, in the sense of diminution in estate, is affected, favorably or adversely. Under these circumstances it could not have been contemplated that the burden of a bond, conditioned as defined in the statute, should be borne in order to effect the division of the common property desired; and to so apply the statute would necessarily lay the condition of a guaranty, in a sense, upon one seeking a sale, when his co-owners would thereby be deprived of naught save the cost of division by sale, a process resulting presumably to the best interest of all concerned.

From the conclusions of the majority, as before stated, the decree of sale must be reversed, and the cause remanded.

Reversed and remanded.

Tyson, C. J., and Dowdell, Simpson, Anderson, Denson, and Mayfield, JJ., concur. McClellan, J. dissents.