# Hardwick, *et al.* v. Hardwick, *et al.*

*Bill to Remove Estate to Chancery Court.*

(Decided Dec. 16, 1909.—51 South. 389.)

1. *Equity; Jurisdiction; Removal of Estates.*—An heir or devisee of an estate may, at any time, before the probate court has taken steps for or entered upon a final settlement thereof, file a bill to remove the cause from the probate to the chancery court without assigning any other or special grounds of equity jurisdiction; and such a bill is not of the class of suits prohibited by section 2803, Code 1907.

2. *Executors and Administrators; Sales Under Order; Application And Order; Chancery Practice.*—The statutory requirements prescribed by section 157, Code 1896, being the sole authority for the sale of decedent's land for distribution, must be observed by the chancery court administering an estate.

APPEAL from St. Clair Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Lula R. Hardwick and others against George R. Hardwick as administrator to remove an estate from the probate to the chancery court. Pendings the proceedings an order of sale was made by the chancellor and from this order this appeal is prosecuted. Reversed and remanded.

M. M. & VICTOR H. SMITH, for appellant.—If the bill had been one for removal merely it would not have been subject to demurrer but seeking also a decree for sale, of lands for distribution, and having been filed within six months after the death of the testator, the bill was prematurely filed and the demurrers should have been sustained.—*Baker v. Mitchell,* 109 Ala. 490; *Torrey v. Bishop,* 104 Ala. 548; *Bank v. Glass,* 82 Ala. 278. The court erred in granting the order of sale.—Section 157, Code 1896; *Roy v. Roy,* 48 South. 793.

F. R. MATTHEWS, and W. F. DICKINSON, for appellee.—A court of equity does not follow nor observe probate rules but pursues its own recognized method of procedure.—*Cowles v. Pollard,* 51 Ala. 445; *Bragg v. Beard,* 71 Ala. 150; *Sharpe v. Sharpe,* 76 Ala. 312; *Ex parte Lunford,* 117 Ala. 224.

McCLELLAN, J.—That an heir or distributee of an estate, in course of administration in the probate court, before that court has taken steps for or entered upon final settlement thereof, may invoke the jurisdiction of equity in the administration of the estate, and hence its removal thereto from the probate court, and so without assigning any other or special ground of equity jurisdiction therefor, has been long and repeatedly decided here. The suit is not of the class prohibited by the statute.—Code 1907, § 2893; Code 1896, § 331; *St. John v. St. John,* 150 Ala. 237, 43 South. 580.

[Hardwick, et al. v. Hardwick, et al.]

In this case the court proceeded on the theory that the original bill for removal of the estate, wherein it was prayed that a sale of the realty and personalty left by the decedent be had for distribution (whether the averments in this particular were sufficient, if necessary, is not considered or decided, the conclusion, as will appear, avoiding the necessity), gave the court of chancery jurisdiction of the entire cause, and hence power, under its practices, to order the sale of lands for distribution of the proceeds among those entitled, without observing all the statutory requirements prevailing, in similar cases, in the probate courts. In *Roy v. Roy*, 159 Ala. 555, 48 South. 793, notwithstanding the writer's humble insistence to the contrary on reasoning therein set down, this court declared Code 1896, § 157, was the sole authority for such sales, and ruled that the statutory requirements applicable to such proceeding in the probate courts bound the chancery courts, and a failure to observe them rendered the decree of sale erroneous.—Sims' Chan. Practice, §§ 662, 663. The effect, of course, of the decision, is to compel, in order to invoke equity's jurisdiction to order such a sale, the filing of a petition as must be done in the probate court, and the taking of subsequent steps as in that court. The court struck the petition of the administrator from the docket, and granted the order of sale on the theory before indicated. Accordingly, the decree is reversed, as upon the authority of *Roy v. Roy, supra,* and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON, and MAYFIELD, JJ., concur.