[Howell, et al. v. Randle.]

# Howell, *et al.* *v.* Randle.

## Settlement of Estate.

(Decided Feb. 2, 1911.   Rehearing denied Feb. 16, 1911.
54 . South. 563.)

1. *Appeal and Error; Final Decree; Judgment Appealable.*—
Where a judgment creditor applies for a sale of personal property
of the deceased to pay the debt, and certain heirs file a cross bill
alleging that the judgment was fraudulent, a decree dismissing the
cross bill, directing the administrator to sell the property, report the
sale, and after paying encumbrances, pay the judgment and costs,
and distribute the remainder, was a final judgment from which an
appeal will lie.

2. *Executors and Administrators; Sale of Personal Property; Pro-
cedure.*—Section 2606, et seq. Code 1907, do not govern proceedings
for the sale of personal property by personal representatives where
the administration of the estate is being had in the chancery court;
such proceedings are controlled by chancery rule 113.

3. *Same; Petition by Judgment Creditor.*—A judgment creditor
of decedent is not entitled to file a petition in chancery for the
sale of personal property belonging to the estate, his remedy at
law by levy of execution being adequate and complete.

4. *Same; Petition.*—Where an administrator joins with a judg-
ment creditor in a petition for the sale of personal property of his
decedent to pay debts, the petition will not be dismissed because
of lack of the creditor's capacity to petition.

5. *Same; Cross Bill.*—Where a judgment creditor, joined by the
administrator of the estate, petitions the chancery court, where the
estate is being administered for an order to sell real estate to pay
debts, a cross bill by the other heirs alleging that the judgment had
been obtained by collusion between the judgment creditor and the
administrator, and praying that the judgment be declared void,
and for a reference, was not demurrable as introducing matters
not germane to the petition.

6. *Same; Answer.*—Although a cross bill as an answer to a
petition in equity for a sale of the personal property of the estate
to pay a judgment against the estate was objectionable in so far as
it applies for affirmative relief, it was nevertheless available as an
answer to the petition.

7. *Judgment; Enforcement; Fraud.*—As a judgment obtained by
fraud is absolutely void, the fraud may be set up as a defense
against  the enforcement of the judgment in equity. ·

8. *Infants; Guardian Ad Litem; Duty.*—Under sections 3163, and
4482-4484, a guardian ad litem is bound to deny the allegation of a
bill filed against his minor ward, and the court is bound to see
that the allegations of the bill or petition are proved as against
such infant.

(Mayfield and Somerville, JJ., dissent.)

[Howell, et al. v. Randle.]

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by William J. Randle, as administrator of M. F. Howell, deceased, and others, for the administration of the estate in the chancery court. H. C. Howell, a judgment creditor, having petitioned for an order of sale of certain personal property for the payment of debts, Permelia C. Howell and others filed a cross-complaint, alleging that the judgment was obtained by fraud and collusion between Howell and the administrator, that the estate was not indebted to Howell, and praying a decree declaring the judgment void, and for a reference. From an order sustaining a demurrer to the cross-complaint and directing a sale, cross-petitioners appeal. Reversed and remanded.

JAMES A. MITCHELL, and JAMES A. BILBRO for appellants. J. B. GARBER, *guardian ad litem.* An infant is not held to confess the pleadings filed against him.—Sec. 3163 and 4482-4488, Code 1907. The jurisdiction of court to sell personal property of the estate of a decedent cannot be called into exercise without an application in writing by the personal representative, verified by oath, stating the particular necessity for the sale; and when such application is made, and only then, the court has jurisdiction to determine the necessity and to order a sale.— Code, Sec. 2606, *et seq;* 3 Brick. Digest, p. 463, sec. 134; *Reynolds v. Kirkland,* 44 Ala. 312; *Ikelheimer v. Chapman's Admr's,* 32 Ala. 676; *Riddle v. Hill's Adm'r,* 51 Ala. 224. Equity will annul and restrain the enforcement of a judgment which was unjustly obtained by means of a conspiracy or fraudulent collusion.—*Guy, Hardie & Co. v. Brierfield C. & I. Co.* 94 Ala. 327; *First Nat. Bank v. Acme White Lead Co.,* 123 Ala. 344; *Ala. Nat. Bank v. Mary Lee Coal & Rwy Co.,* 108 Ala. 288;

*Decatur First Nat. Bank v. Pullen,* 129 Ala. 638; *Eslava
v. Eslava,* 50 Ala. 32; *Lee v. Lee,* 55 Ala. 590; *Worthing-
ton v. Miller,* 134 Ala. 427. This rule is applied where
the collusive agreement was between parties to the action
to the injury of a third person having an interest in the
property in suit, or between plaintiff and an executor or
administrator, being defendant, resulting in the estab-
lishment of an invalid claim against the estate.—23 Cyc.,
p. 1027; *Elting v. Biggsville First Nat. Bank,* 173 Ill.
368, 50 N. E. 1095; *Hoboken First Bap. Ch. v. Syms,* 52
N. J. Eq. 545, 31 Atl. 717. A judgment in favor of an al-
leged creditor of the estate of a decedent against the per-
sonal representative is not conclusive on his heirs or dis-
tributes as to the validity of the demand on which it is
founded. While it may be prima facie evidence against
such parties, they can always show that it was procured
by reason of the fault or negligence of the personal repre-
sentative.—*Pearson v. Darrington,* 32 Ala. 227; *Teague
v. Corbitt,* 57 Ala. 529; *Steele v. Steele,* 64 Ala. 438;
*Scott v. Ware* 64 Ala. 174. The decree of the Chancery
Court appealed from settles the matters of contention re-
lating to the judgment in question, and which are materi-
al equities in the cause, and therefore it is a final decree
which will support an appeal—*Louisville Mfg. Co. v.
Brown,* 101 Ala. 273; *Thornton v. Highland Ave. & B.
R. Co.* 94 Ala. 353; *Morton & Bliss v. N. O. & S. Ry. Co.*
79 Ala. 590; *Ex Parte Elyton Land Co.,* 104 Ala. 88, and
cases cited; *Moore v. Randolph,* 52 Ala. 530; *Jones v.
Wilson,* 54 Ala. 50. Any person injuriously affected by
the decree of a court may appeal to the Supreme Court.
—*Scholze v. Steiner,* 100 Ala. 148.

A. C. BIRCH, and ULLMAN & WINKLER, for appellee.
No error can be predicated on overruling the demurrer
to the petition of Howell for the sale of the stock, as it

was not such a decree as would support an appeal under section 2838 or 2837, Code 1907. The proceeding is not governed by the rule as to sales of personal property in the probate court, but is governed and controlled by Chancery rule 113. The cross bill was not the appropriate remedy or method of setting up the alleged fraud.— *Decatur F..N. Bank v. Pullen,* 129 Ala. 642; Sec. 3118 Code 1907, 5 Enc. P. & P. 641. There is a difference between a plenary suit and a summary proceeding such as this.—1 Barb. Ch. Pr. 580; Beech's Modern Eq. Pl. 571; 11 N. J. E. 291; 2 N. Y. 311. The cross petition sets up matters entirely foreign to the subject matter of this petition.—*Humes v. Scruggs,* 64 Ala. 40; *Sheldon v. Carpenter,* 60 Ala. 201; 74 Fed. 372. The relief prayed for in this cross bill can only be obtained in an original bill. —*Mitchell v. Rice,* 132 Ala. 127; *McDonald v. Pearson,* 114 Ala. 642; *Dunklin v. Harvey,* 56 Ala. 182; *Tanner v. Tanner,* 44 Ala. 447. Equity will not set aside a judgment upon the ground that it was obtained by perjured testimony.—*Pearson v. Blanton,* 76 Ala. The allegation of fraud must be clear, explicit and certain to impeach a judgment for fraud.—*Long v. Brown,* 4 Ala. 622; *McDonald v. Pearce,. supra.* A bill for this purpose should also allege that there is a good and meritorious defense to the action at law.—*Nat. F. Co. v. Hinson,* 103 Ala. 532; *Dunklin v. Wilson,* 64 Ala. 162; *White v. Crow,* 110 U. S. 183. A denial was not essential by the guardian ad litem.—*Roy v. Roy,* 48 South. 795. The order of sale was not a final decree.—16 Cyc. 471; *Ice Co. v. Land Co.* 104 Ala. 278. No appeal lies from the decree of Jan. 12th.—*Clarke v. Spencer,* 80 Ala. 345; *McKleroy v. Gadsden,* 126 Ala. 184; *Bell v. Lehman,* 128 Ala. 165; *Bickley v. Bickley,* 129 Ala. 404.

SIMPSON, J.—The administration of the estate of M. F. Howell, deceased, was removed from the probate into the chancery court, on bill filed by the administrator, William J. Randle. During the course of administration, H. C. Howell, one of the heirs, filed a petition in said court, alleging that he had obtained a judgment against said administrator for $3,377.09 and costs, still unpaid; that "the only property which said administrator has is certain shares of stock in the Birmingham Compress Company, which is sufficient in value to discharge the indebtedness of said estate"; that said administrator has no other personal property with which to pay said claim. The petition prays for an order to show cause why said stock should not be sold for the payment of this and other debts, and that upon final hearing an order be granted requiring said administrator to sell said stock. The said administrator filed an answer to said petition, admitting the truth of its allegations, and consenting that the relief prayed be granted, and requesting that the stock be sold for the payment of all the debts of the estate. The appellants filed an answer to the petition, which they call also a cross-petition or cross-bill, alleging that said judgment was obtained by a fraudulent collusion between said administrator and said H. C. Howell, that said estate was not indebted to said Howell; and praying the court to declare such judgment void, and to have a reference to ascertain whether the estate was due said H. C. Howell in any amount, and to allow him whatever is due him. H. C. Howell and the administrator demurred to the cross-petition. Said demurrers were sustained. Cross-petitioners declined to amend, and decree was rendered dismissing the cross-petition and answer, and directing the administrator to advertise for 30 days, then sell the stock in question, report the sale for confirmation, and

after paying off all liens, charges or incumbrances, to pay said H. C. Howell the amount of said judgment and costs, with interest, and to distribute the remainder.

The first question raised is whether or not this is such a decree as will support an appeal. The decree settles all the equities between the parties, orders the property to be sold, and directs what disposition is to be made of the proceeds. This is such a final decree as will support an appeal, notwithstanding the sale of the property must be reported and the sale confirmed.—*Ex parte Elyton Land Co.*, 104 Ala. 88, 90, 91, 15 South. 939; *Louisville Mfg. Co. et al. v. Brown*, 101 Ala. 274, 280, 281, 13 South. 15.

The next insistence is that the court erred in overruling the demurrer to the petition of H. C. Howell, the appellant contending that no one except the administrator has the right to apply to the court for an order for the sale of personal property of the estate, and then only by complying with the sections of the Code in regard to the sale of personal property. Code 1907, § 2606 et seq. On the other hand, the appellee insists that the provisions of the Code with regard to the sale of personal property of the estate are not binding upon the chancery court, when the estate has been removed into that court; and cites rule 113 (page 1564 of the Code). It is also further claimed that, if it be the law that no one except the administrator may apply for an order for the sale of personal property, the action of the court is error without injury, because, subsequent to the overruling of said demurrer, the administrator answered the petition admitting its allegations, and in said answer requested that the court order the sale of the personal property for the payment of all the debts of the estate. Appellee also insists that the case of *Roy v. Roy*, 159 Ala. 555, 48

South. 793, does not apply, because that related to real estate, and this case to personal property.

It is true that, according to the doctrine of the common law, the title to personal property passes to the administrator, while that to real property does not. According to the common law, the administrator could sell personal property without an order of court, but under our statutes and decisions he cannot. It is true, also, that the conferring of jurisdiction on the probate court does not take away the previous jurisdiction possessed by the courts of equity; and our court has said that, when an estate is moved from the probate into the chancery court, "the court (of equity) proceeding according to its own practices is governed by and applies the law controlling the settlement of administration," etc.—*Roy v. Roy,* 159 Ala. 555, 48 South. 793, and cases cited. The relation of the administrator to personal property is different from his relation to real property. The real property descends to the heirs and the personal property is in the hands of the administrator, subject to the payment of debts, though, of course, it cannot be sold by him except under the decree of the court. While Section 2606 of the Code of 1907 provides that personal property may be sold only by decree of court on application in writing verified by the administrator, yet rule 113 (Code 1907, p. 1564) authorizes the chancellor, in term or in vacation, to order the sale of any personal property in the hands of a receiver, executor, or administrator within its jurisdiction. It provides a different notice (ten days) from that prescribed by section 2606 (three weeks) of the filing of the petition, and then provides that the sales made under said orders "shall be governed by the laws applicable to sales of personal property under orders of the probate court." We think the intention is to provide a different rule as to the formali-

ties required for the application for the sale of personal property in the chancery court from that which is prescribed for the probate court, so that, whenever it is brought to the attention of the chancery court that the interests of all parties concerned require that the personal property be sold, said court in the exercise of its enlarged discretion, after giving to all parties in interest a proper opportunity to be heard, may lawfully order said property to be sold for the payment of the debts of the estate. While it is true that we know of no rule of law which authorizes a judgment creditor to come into court and petition for the sale of personal property of the estate, and his remedy at law being complete by levying on the same property, yet, when the administrator joins in that request, it is a sufficient basis for the action of the court.

Parmelia Howell et al., heirs and distrubutees, filed an answer to the petition, denying all the material allegations of the petition, and among others, denying that the judgment on which the petition is based is a valid and subsisting judgment, but alleging, on the contrary, that said judgment was obtained by a fraudulent collusion between the administrator and the said H. C. Howell, that said parties had requested to be allowed to defend said suit, but neither the administrator nor the court would allow them to do so, and that said answer be taken also as a "cross-petition, in the nature of a cross-bill in equity," and that the judgment be declared void, etc. Demurrers, with a very large number of causes, were filed to this answer and cross-petition, and were sustained; the chancellor stating in his opinion that "it is held that the cross-petition should follow the petition. This does not do so, but seeks, by cross-petition, to take away from the petition its foundation; i. e.. a judgment." After the 20 days given to amend said answer

and cross-petition, the court rendered a decree, stating the failure to amend, that the other parties were in default, and that it was therefore decreed "that the said H. C. Howell is entitled to the relief prayed for," and that the cross-petition and answer, be dismissed. The decree goes on to direct that the property be sold, that said H. C. Howell's claim be paid, and that the balance of the proceeds be distributed.

While it is true that a defendant cannot, by a cross-bill, introduce entirely foreign matters not essential to the determination of the matter put in litigation, yet that does not mean that it may not raise new issues relating to the subject-matter of the suit or to subjects germane thereto. The cross-bill is for the purpose of doing complete justice between the parties, as to the subject-matter of litigation, and among the matters which are germane, and which grow out of the subject-matter of litigation, is that, if the suit is to enforce a judgment, a cross-bill may be filed for affirmative relief to have said judgment declared invalid.—5 Ency. Pl. & Pr. pp. 641 et seq. and notes; 1 Beach, Modern Eq. Prac. §§ 421, 433, 434, 435; Fletcher's Eq. Pl & Pr. § 895, pp. 955, 956; *Follansheev. Scottish Am. Mort. Co.,* 7 Ill. App. 486, 497; *Davis v. Cook,* 65 Ala. 617, 623, 624. At any rate, we are not aware of any rule of equity practice which justifies the dismissal of an answer, and while it may be true that, as our statute provides only for making an answer to a bill in equity a cross-bill, no affirmative relief could be granted on an answer to a petition (*Mussell v. Morgan,* 3 Brown's Ch. 74; Fletcher's Eq. Pl. & Pr. § 925, pp. 1005, 1006), although our own decision indicates the contrary (*Foscu v. Lyon,* 55 Ala. 440, 456), yet the answer would stand as a defense to the bill. "If the decree or judgment had been obtained by fraud, it could not avail anything, for or against the parties af-

fected by it, to the prosecution of a claim or the defense of a right. It is an indispensable element of the validity of every judicial proceeding that it be free from collusion.—*Lee v. Lee.* 55 Ala. 590, 602. In other words, such a pretended judgment is absolutely void, and, whether the pleading be such as to procure the affirmative relief of having the judgment cancelled or not, the parties have the right to set up that matter as a defense against enforcement of the judgment; the matter being in a court of equity and the parties and the property of the estate being before the court. Consequently the court erred in sustaining the demurrer to the answer, and in dismissing said answer and rendering a decree as for want of an answer.

Separate assignments of error were made by Hattie Howell and Robert Howell, who are minors, by their guardian ad litem, on the ground that the decree of the court shows that no evidence was taken to establish the claim of the complaintant, but it was rendered against them, because, as alleged in said decree, they were "in default." The record shows that a guardian ad litem was appointed to represent these minors, but said guardian ad litem does not appear on the record as having represented the minors in any way. It is the duty of the court, not merely to appoint a guardian ad litem, but to see to it that the infant is "defended by a guardian ad litem." Our statutes are strict in the requirements as to guardians ad litem, showing an intention that there shall be a real defense (Code, §§ 4482-4484), and section 3163 of the Code specifically requires that the allegations of a bill shall not be "regarded as admitted" on decree pro confesso as against infants. It is the duty of the court to see that the allegations of the bill or petition are proved as against an infant. It is the business of the guardian ad litem to deny the allegations

of the bill, and no neglect of his can be taken as an admission of its allegations. It results that this assignment of error also is well taken.

The decree of the court is reversed and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON, McCLELLAN, and SAYRE, JJ., concur.

On the subject of the authority of the chancery court to sell personal property of a decedent without conforming to the requirements of the statute, MAYFIELD and SOMERVILLE, JJ. (dissenting), hold the following views:

Chapter 49 of the Code of 1907 is a general statement of the law of this state in regard to the administration of estates, and, where its provisions make no mention of the probate court, we must presume that they refer to the estate in whatever court it is being administered. Section 2606 evinces a clear intention to place restrictions around the sale of the personal property of an estate which did not exist before. It does not state that the probate court shall not have jurisdiction to sell, etc., but it states specifically that "the personal property, of a decedent * * * may be sold only by order of the court, on written application of the executor or administrator, verified by affidavit," etc., and then proceeds in the following sections to provide for the notices, etc. This is a matter of substantive law, and not merely a question as to the practice of any particular court. It is true that rule 113 (page 1564, Code), under the heading of "Miscellaneous Provisions" states that the chancellor, in term time and in vacation, and the register, in vacation, may order the sale of any personal property, in the hands of a receiver, executor, or administra-

tor, over which the chancery court has taken jurisdiction." and provides, also, that the application must be in writing, and for 10 day's notice of the application, etc., and it is also states that "sales under such orders shall be governed by the laws applicable to sales of personal property under orders of the probate court, and reports thereof shall be made to the chancellor. Rules of court are not made for the purpose of dispensing with statutory requirements, but only to provide the machinery by which statutory requirements may be carried out." We do not think that the fact that the last clause of said rule 113 provides that the "sales  *  *  *  shall be governed by the laws applicable to sale of personal property under orders of the probate court" indicates an intention to abrogate the statute, but only to apply the same rule to sales of receivers' property as the law provides for sales of the property of estates. The intention of the statute is to protect the personal property of a decedent from sale, except "on the written application of the executor or administrator, verfied by affidavit." There is nothing incompatible with the practice in the chancery court to require the administrator himself to make the application, under the sanction of an oath, and it is certainly a wise precaution. No statute, decision, or authority has been referred to, to the effect that a creditor having a judgment against an administrator in his representative capacity can interrupt the orderly course of administration by instituting chancery proceedings to compel the sale of certain property to pay his debt. The statutes make ample provision for the collection of debts of the decedent which are prosecuted to judgment after the granting of letters. The execution is first issued to be levied "de bonis intestatis," and then, on return of "no property found," may be levied "de bonis propriis." The law provides how stock

[Greenwood v. West, et al.]

in a corporation can be levied on, like other personal property (Code 1907, § 4105), and there is no equitable reason why the estate should be put to the expense of a proceeding in equity to procure the sale of property which might have been levied on in the first instance. The administrator must answer to the heirs on settlement to be rendered and property subjected, and he cannot shift this responsibility by merely confessing judgment and placing the decree of the court between him and his responsibility.

The petition being without equity, it should be dismissed.

These were the views first expressed by the writer of the opinion, but he has yielded his views to those of the majority of the court, and conformed the opinion on that point accordingly.