(89 South. 702)

## TAYLOR et al. v. FULGHUM et al.
(6 Div. 145.)

(Supreme Court of Alabama. June 23, 1921.)

**1. Equity ⚬442—Object of bill of review stated.**

A bill of review is not a substitute for appeal or writ of error, but to be available it must appear from the record that an erroneous conclusion of law in substance and not mere form has been effected prejudicial to the substantial rights of complainant.

**2. Equity ⚬22—Administrator's bill to redeem from mortgage foreclosure held sufficient to warrant transfer of administration to equity.**

A bill by an administrator in equity, stating that he had been appointed administrator in order to exercise a statutory privilege of redemption for the benefit of estate of a decedent, and that there were no other debts, and that the property might beneficially be sold by parcels for the necessary support of beneficiaries, invoked equity jurisdiction, so that the court was warranted in transferring the administration to equity.

**3. Equity ⚬39(1)—Court of equity assuming jurisdiction of settlement of an estate will afford complete relief.**

Equity having assumed jurisdiction of the administration of an estate in order to settle the rights of an administrator redeeming from a mortgage had the duty of proceeding to complete action in respect of the whole subject-matter and determine the rights of the administrator who had individually advanced funds for the redemption and thereby become trustee.

**4. Executors and administrators. ⚬22(2)—Appointment of administrator ad litem held not necessary on bill in equity.**

Where an administrator had himself appointed in order to exercise an equity of redemption from a mortgage given by decedent, and after advancing his own funds filed a bill

in equity to settle the estate, including his own rights, all persons to whom the administrator as an individual had an adverse interest being made parties to the cause and minor heirs being represented by a guardian ad litem, there was no necessity to appoint an administrator ad litem to contest the rights of the administrator as to his advancement.

**5. Equity ⬡⇒19—Administrator's advancement of personal funds to redeem from mortgage held to create trust cognizable in equity.**

Where a mortgage was foreclosed under the power of sale after the mortgagor's death, thereby extinguishing the equity of redemption, and an administrator had himself appointed such for the exercise of the statutory privilege of redemption under Code 1907, § 5759, and as an individual advanced funds for such redemption, the estate having none, such redemption operated to invest the administrator as such, and not the heirs at law with the title and a trust estate was created cognizable in equity.

**6. Equity ⬡⇒22—Equity in settlement of an estate might authorize private sales by an administrator.**

A court of equity which on bill by an executor had assumed jurisdiction of the settlement of an estate might permit private sales of land by the administrator, subject to confirmation by the court.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by Mary Taylor and others against Kate C. Fulghum and others, to review a decree of the city court of Birmingham, rendered in the cause of Sam Will John, as administrator of the estate of Edwin A. Taylor against Maggie A. Taylor and others, heirs of the decedent. From a decree denying relief prayed, complainants appeal. Affirmed.

Wood & Pritchard, of Birmingham, for appellants.

The deed to the administrator, there being no debts, vested the legal title in the heirs. Section 3408, Code 1907, and cases cited. If the administrator had a right of reimbursement, that right vested in him in his individual capacity, and an administrator ad litem was an indispensable party to the enforcement of his rights. Sections 2818 and 2822, Code 1907, and cases there cited. A guardian ad litem was also a necessary party. The right to sell for support and maintenance of the minors vests solely in the guardian. Section 4409, Code 1907; 159 Ala. 555, 48 South. 793. It follows, therefore, that the acts of the court were nullities, and that the bill of review was properly filed, and relief should be had under it. 64 Ala. 410, 38 Am. Rep. 13; 136 Ala. 377, 34 South. 905, 96 Am. St. Rep. 26.

A. Benners and E. J. Smyer, both of Birmingham, for appellees.

The cause should have been stricken. Section 3178, Code 1907; 84 Ala. 349, 4 South. 182. The errors complained of should have been corrected by an appeal, and not as now attempted. 97 Ala. 458, 12 South. 48; 70 Ala. 483; 39 Ala. 409; 69 Ala. 72; 67 Ala. 564; 193 Ala. 424, 69 South. 503. The bill had equity as a bill to remove. 108 Ala. 111, 19 South. 806, 54 Am. St. Rep. 144. There was no necessity for an administrator ad litem. 118 Ala. 185, 23 South. 996; 72 Ala. 258, 47 Am. Rep. 405. The administrator was entitled to reimbursement. 150 Ala. 532, 43 South. 228; 58 Ala. 104; 103 Ala. 404, 15 South. 831; 151 Ala. 194, 44 South. 62. The sale was not for distribution.

McCLELLAN, J. Bill of review, filed by Mary Taylor, Nellie Taylor, Joseph Taylor, and Sydney Taylor (the two last named minors, by next friend) against Kate C. Fulghum and others, among whom are Maggie Taylor, Annie Taylor Engle, Edwin J. Taylor, and Madge Taylor Sims, whereby the annulment of a decree of the city court of Birmingham, of date January 20, 1902, is sought, with consequent relief to be visited upon conveyances and titles resulting from that decree.

E. A. Taylor died in March, 1898. A widow and eight children survived him, six of whom, among them the complainants, were minors at that time. The decedent owned the surface estate (only) in about 32 acres of land near the city of Birmingham. He had mortgaged it; and the mortgage was foreclosed under the power after his death, thereby extinguishing the equity of redemption. The two-year period for the exercise of the statutory privilege of redemption was to expire on March 25, 1901. On March 7, 1901, Samuel Will John qualified as administrator of E. A. Taylor's estate, this with a view to preserving 23 acres of the property, as far as might be, to the ultimate beneficiaries through the exercise, by the well and generously intentioned administrator, of the statutory privilege of redemption, as provided in Code, § 5759. Thereby an administrator of a debtor is authorized, in his official capacity, to effect redemption within two years after foreclosure 'sale. The system (Code, § 5746 et seq.) prescribes no particular method for such a redemption by an administrator, where, as here, the mortgagor, the personal representative's intestate, leaves no funds or estate wherefrom the redemption money may be supplied. This decedent's estate had no other property or funds with which to effect the redemption. He owed no debts other than that represented by the mortgage and satisfied by the foreclosure. The admin-

istrator, individually, from his own means, raised the fund necessary to effect the statutory redemption, and thereupon the administrator, in his official capacity as a trustee, became invested with the title to the real estate so redeemed, being the mentioned tract, less 9 acres thereof quitclaimed by the purchaser at foreclosure to Maggie Taylor, the widow; and the property thus regained became and was subject to his manifest equity, to be reimbursed, individually, in the sum, with interest, he had advanced to accomplish statutory redemption. In view of this status the administrator, in his official capacity, filed his original bill on June 12, 1901. The widow and children of E. A. Taylor, deceased, were named and effectually brought in as parties respondent to the bill. After averment of the facts and circumstances to which we have alluded, the bill set forth the entire absence of funds or property of Taylor's estate; the uncultivated, unimproved and inaccessible condition of about two-thirds of the 23 acres; the need for repair or improvement of the dwelling in which the widow and children resided on the land; the absence of any means for their maintenance and support except through labor and the product of a garden about the dwelling; and then averred:

"V. That it is necessary to sell a portion of said land to reimburse your orator for the money which he paid out, in redemption thereof, as before stated, and it is absolutely necessary to sell a part of it for the purpose of supplying the absolute necessities of life, for the said minor children, and to give them a common school education. That your orator believes and therefore avers that he can realize more for the said lands by negotiating private sales of different parts thereof, whenever necessary, under the direction and authority of the honorable court, and with much less expense than he could do by offering the lands at public sale.

"VI. That the said Maggie Taylor, Catherine Taylor, Annie Engle, the wife of Harry Engle, Edwin J. Taylor, Maggie Taylor, Mary Taylor, Nellie Taylor, Joseph and Sydney Taylor, all reside on the same tract of land, and all of the minor children reside with their mother, Maggie Taylor, and the said minors have no general guardian, and their interest in the said land is adverse to that of their said mother, Maggie Taylor, and all of whom are made party defendant to this bill."

The prayer of the bill was as follows:

"And that this honorable court will direct and decree that such portions of the said land as may be sold to the greatest advantage, and of sufficient value to reimburse him for the money he paid in redeeming said land, and the cost of this suit, be sold by your orator, at private sale, and the terms thereof reported immediately to this honorable court for its approval. And that from time to time, as it may be necessary, that he be directed and authorized to sell off such parts of the said land as may be necessary to furnish a support and education of the said minor owners thereof. And for all such other and further, or different relief as may be equitable in the premises."

On submission on pleadings and evidence, the city court, delivering its decree of January 20, 1902, assumed jurisdiction in the premises, removed the administration of the estate from the probate court into the city court, and decreed the complainant entitled to the relief prayed. It also confirmed the redemption thus effected by the administrator, and gave effect to the complainant's manifest equity to be reimbursed in the fund he advanced to accomplish the redemption. So far as presently material this decree concluded:

"It is further adjudged and decreed that the complainant is hereby authorized, empowered, and directed to negotiate for the sale of such parts of the said lands as may be presently sold to the best advantage, and of sufficient value to furnish the money to reimburse him for redeeming said lands and costs thereof, and upon the receipt by him of an offer in writing to purchase any part of said land he shall report the same to this court for its consideration and judgment thereon.

"It is further adjudged and decreed that this cause be, and it is hereby, referred to the clerk and register of this court to ascertain what would be a reasonable and necessary allowance to be made for the support and education of the minor defendants to this cause, and, it appearing to the satisfaction of the court that it will be to the interest of all of the parties hereto, especially the minor defendants, that only so much of said lands be sold as is absolutely necessary to support and educate the minor defendants, it is adjudged and decreed that the complainant is hereby authorized and directed to have said lands surveyed and laid off into lots with suitable streets and alleys to furnish ready access to all of said property, and to report his action in the premises to this court for its approval, and he is authorized, empowered, and directed from time to time as the necessities of the minor defendants may require to negotiate for the sale of parts of said lands, and he will report such sales to the court for its consideration and confirmation."

Other decrees and orders carried into effect and confirmed the acts of the administrator under the sanction and direction of this decree.

[1] This bill is distinctly a bill of review. There is no intimation, even, of fraud or other moral fault in respect of the proceedings sought to be now revised. Numerous grounds are set up as requiring the avoiding of the decree of January 20, 1903, and the annulment of the conveyances of parts of the land that resulted from the authority and direction given the administrator, consequent upon the premises judicially established by the mentioned decree. The office, scope, and effect of a bill of review has been often considered by this court; and it was long since settled here that such a bill is

not a substitute for an appeal or writ of error; that to be available it must be apparent from the record that an erroneous conclusion of law, of substance and not mere form, has been effected by the court, prejudicial to the substantial rights of the parties complaining; and that errors otherwise, irregularities in the proceedings assailed, erroneous deductions from the evidence, must be corrected, if at all, by appeal or other proceeding in that nature. Vary v. Thompson, 168 Ala. 367, 369, 370, 52 South. 951, and decisions therein cited. Turner v. Turner, 193 Ala. 424, 69 South. 503.

Without repeating the many grounds assigned in this bill of review, it will suffice to recite this satisfactory summary of such of the grounds assigned as fall within the restricted category the decisions have established for a bill of review: (1) The city court (equity side) acquired no jurisdiction in the premises on the bill as exhibited; (2) if so it did, the omission to appoint or constitute an administrator ad litem to represent E. A. Taylor's estate in the contest with the administrator was an error of substance and law requiring the avoidance of the decree; (3) that since (it is asserted for complainants) the title to the land redeemed became vested in the heirs of E. A. Taylor, deceased, the bill filed by the administrator invoked no recognized power of the city court, sitting in equity, to sell the land of the heirs, there being no debts or other liabilities against Taylor's estate created by him, and no proposal or effort to sell the land for division; (4) the sales erroneously authorized were left, improperly, to the administrator's discretion as to segregated parts of the land and their extent, and erroneously undertook to empower the administrator to sell at private sales; (5) that the real effect of the proceeding initiated by the administrator's bill, progressing to consummation under forms of law, was that he erroneously usurped the powers and functions of a guardian of the minors, and that the court sanctioned sales of the property for the maintenance and support of the minors, when only a guardian, not an administrator, could invoke the judicial authority to that end.

[2-4] None of these propositions can be approved. The jurisdiction of the city court (in equity) was invoked by the administrator's bill, whereby removal of the administration from the probate into the chancery court was sought, and wherein the reimbursement of Mr. John, individually, of the sum advanced (in the absence of all estate assets) to effect statutory redemption was the obviously sound equitable design that only a court of equity could accomplish through the ascertainment of the amount of the advancement and the subjection of the real estate to such measures of disposition as would afford the means wherewith to restore the fund so advanced. Having thus acquired jurisdiction, the duty of the court of equity was to proceed to complete action in respect of the whole subject-matter then brought into its forum. Notwithstanding Mr. John (the administrator) had made this advancement, individually, out of his own funds, it was the administrator's duty in that capacity to invoke the powers of the court of equity to ascertain the amount so advanced to effect statutory redemption and to order and accomplish such disposition of the property as would afford the means wherewith to reimburse the lender. The fact that the person making the advancement was the administrator, in his individual capacity, did not alter or qualify the stated duty of the administrator as such to invoke the equity court's essential jurisdiction in the premises, any more than would have been the case had the funds necessary to effect this redemption been advanced by a philanthropic stranger. In the exercise of this particular phase of the equity court's thus invoked jurisdiction the administrator had an adverse interest to the ultimate beneficiaries of the redemption; but since all persons to whom the administrator, as an individual, had an adverse interest were made parties to the cause and the minors were represented by guardian ad litem—there being no regular guardian for them—there was neither necessity nor occasion to appoint an administrator ad litem to contest the matter of the amount of the advancement with the administrator. Gayle v. Johnston, 72 Ala. 254, 258, 47 Am. Rep. 405; Ex parte Baker, 118 Ala. 185, 190, 23 South. 996.

[5] As has been stated, the effectuation of the statutory redemption (Code, § 5759), through the advancement thus made by Mr. John, operated to invest the administrator as such, not the heirs at law, with the title to the thus redeemed property. The administrator became a trustee in the premises, the corpus of the trust estate being afforded by the exercise of the statutory right (privilege) of redemption. The land was not owned by E. A. Taylor at the time of his death in 1898. Even the equity of redemption had been extinguished by foreclosure under the power of sale to that end. There passed to the heirs of E. A. Taylor, deceased, no right in or title to this land; only the statutory privilege of redemption survived, and the estate of Taylor had no funds wherewith to effect statutory redemption. The sale of the land sought by the administrator's bill was not for the purpose of paying any debt Taylor owed, nor was the bill's design or effect to sell an asset of the estate of Taylor—property left by Taylor—to discharge any obligation of Taylor's. Hence the doctrine of Roy v. Roy, 159 Ala. 555, 48 South. 793; Hardwick v. Hardwick, 164 Ala. 390, 51 South. 389 (since changed by statute); and Rucker v. Tenn. Coal Co., 176 Ala.

472, 58 South. 465, is without influence or application in the premises. By force of the exercise of the statutory privilege of redemption a trust estate came into being, to be administered and applied according to the principles of equity in promoting the interests and welfare of the parties—the beneficiaries—after equity had restored to the lender the fund thus advanced to accomplish redemption.

[6] The practice of courts of equity to order private sales of land, subject to its confirmation, is well established. Roy v. Roy, 159 Ala. 563, 48 South. 793, citing the authorities upon which the pertinent pronouncement in Rucker v. Tenn. Coal Co., 176 Ala. 472, 58 South. 465, was rested. The decree now assailed reserved the right of judicial confirmation of sales of the land, and hence conformed to the established practice stated, necessarily with respect both to the discretionary selection by the administrator of the parts to be sold and to the purchase prices offered, and which, upon confirmation of the sales, were fully paid and for which the administrator correctly accounted.

In regard to the last-stated contention (numbered 5 ante), viz. that the sales sought by the bill and authorized by the decree assailed, for the maintenance and support of the minor heirs of Taylor, were erroneously directed and consummated, this pronouncement of doctrine in Johnson v. Porterfield, 150 Ala. 532, 539, 540, 43 South. 228, 230, concludes against the insistence for appellants:

"It is a clear proposition, under our decisions, that it is within the judicial discretion of the chancery court to appropriate the corpus of the trust estate to the reimbursement of the administrator or guardian for expenses in and about the trust estate which he had incurred in matters which would have been authorized by the court if previous application had been made therefor."

The decree assailed is not affected with error of such character as to support or justify the bill of review, and hence the court below did not err in so concluding. The decree appealed from is therefore affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.