174 So. 771

## COUCH et al. v. HOOPER et al.

### 8 Div. 800.

Supreme Court of Alabama.

June 3, 1937.

Rehearing Denied June 17, 1937.

Walter S. Smith and Walter S. Smith, Jr., both of Birmingham, for appellants.

O. D. Street and J. A. Lusk & Son, all of Guntersville, for appellees.

BOULDIN, Justice.

The appeal is from a decree sustaining demurrers and dismissing bill of review, and a bill in the nature of a bill of review, heard as a consolidated cause, and involving substantially the same matters in so far as they relate to the issues presented for review on this appeal.

 That a bill of review is confined to errors of law apparent on the record, which are prejudicial to the substantial rights of the party seeking such review, is a well-recognized rule, not questioned by either

side. Ashford v. Patton, 70 Ala. 479, 483; Vary v. Thompson, 168 Ala. 367, 52 So. 951; Taylor v. Crook, 136 Ala. 354, 34 So. 905, 96 Am.St.Rep. 26; Taylor v. Fulghum, 206 Ala. 219, 89 So. 702.

Without here reviewing at length the many pleadings in the consolidated cause resulting in the decree sought to be reviewed, nor the details of the bills of review culminating in the decree appealed from, it will suffice to say the subject matter is a 315-acre farm, known in the record as the West River Farm in Marshall county.

The present ownership of this property is in the descendants of Mollie West, who died in 1930, subject to certain mortgages given by her, and subject to the payment of debts of her estate in so far as it was owned by her in her lifetime.

 The substantial controversy is whether she then owned three-fourths, or maybe nineteen twenty-fourths interest, or only a one-half interest, while her brother, Frank Johnson, owned one-fourth, five twenty-fourths, or one-half interest.

Frank Johnson survived Mollie West. His interest descended to her children, or descendants, including a child of a deceased child. Her interest passed under will to certain named children. These, as well as creditors of her estate, on the one hand, and the heirs of Frank Johnson, on the other hand, have a substantial interest in the state of the title at the time of the death of Mollie West.

In the decree of April 18, 1934, sought to be reviewed, it was decreed that Mollie West and Frank Johnson each owned a one-half interest in the property.

It is insisted this was manifest error as disclosed by the record, the pleadings and exhibits, on which the decree was based.

In the consolidated cause resulting in that decree, the pleadings, bills, and answers made a direct issue on this question. On the one hand, it was averred that each owned an undivided half interest, and on the other that Frank Johnson owned only a one-fourth interest. But the argument is that, notwithstanding such averments, the admitted deraignment of title, including conveyances whose execution was admitted, disclosed that Mollie West owned three-fourths interest or more.

Laying aside all other questions, such as a presumption of other evidence on the issue, the absence of a note of testimony, the right of a special administrator to file a bill touching the landed estate of his decedent, the failure to prosecute on appeal, etc., and dealing with the case as governed by the conveyances exhibited to the pleadings, and other admitted facts, we are not convinced there was manifest error to the prejudice of appellants.

Admittedly back more than seventy years ago this property was owned by two brothers, Pleasant F. Johnson and James R. Johnson, each owning an undivided half interest.

Pleasant F. Johnson died intestate sixty to seventy years ago, leaving a widow, Sarah Johnson, and three children, Mollie, Frank, and Josephine. Each of these children took a one-sixth interest, subject to the widow's dower. Josephine died in infancy. Her estate descended one-half to her mother, Sarah Johnson, and the other one-half to her brother and sister, Mollie and Frank. On Sarah's death, if never conveyed by her, the entire half interest of their father passed to Mollie and Frank, equally. Appellants claim that the entire one-half interest of James R. Johnson, uncle of Mollie and Frank, passed to Mollie during their uncle's lifetime by virtue of several conveyances.

It appears a dower was laid off to Sarah Johnson, widow of Pleasant F. Johnson.

In January, 1881, she, under the name of Sarah West, by second marriage, executed a quitclaim deed to James R. Johnson. This deed describes, though inaccurately, the specific lands laid off as her dower. Then follows a general clause covering all her interest in the lands of her former husband, Pleasant F. Johnson. This, it seems, would cover her one-half interest derived by inheritance from her daughter, Josephine.

In November, 1882, James R. Johnson executed a deed to John H. West and his wife, Mollie West (Mollie Johnson before marriage), conveying the dower interest by the same description in the deed from Sarah West to James R. Johnson. This deed seems to have omitted the general clause covering any further interest acquired from Sarah West.

Some three months later James R. Johnson executed to said John H. and Mollie West a second deed, a quitclaim deed describing the property thus: "South part and North East Part of Fractional Section 31, Township six Range Two East and known as the Mollie C. West interest in the undivided estate of P. F. Johnson, deceased."

Treating the latter clause "known as," etc., as part of the description (and it would be questionable in the absence of a govern-

nent survey identifying the fractions as given in this deed to locate the land without the aid of this clause), the intent appears to be to reconvey some part of the deceased brother's interest which had been acquired by the grantor. Certainly it does not clearly import any purpose to pass the title to the entire half interest of James R. Johnson in this farm.

Further on this deed mentions reversions (revisions) and remainders, dower rights, etc.

What relation these two deeds had to one transaction is not very clear.

But more to the point is the third deed by which John H. West in 1900 conveyed his interest acquired from James R. Johnson to his wife, Mollie. The sole description in this deed is the tract "known as the Sarah West dower tract." This deed recites as its consideration the fact that his wife had paid the consideration when the property was deeded by James R. Johnson.

Now, the contention of appellants running through the bill resulting in the decree of 1934, and followed up in bill for review, and briefs on this appeal, is that this deed from John H. to Mollie West passed all the title which John H. acquired through the two deeds from James R. Johnson.

A decree which accepted these allegations and recitals which negatived any passing of James R. Johnson's personal one-half interest cannot be said to be error apparent on the record.

Nowhere is there any setup of a title still in John H. West, or any one holding under him, save by this deed of 1900, supra. It appears that for more than thirty years after receiving this deed from her husband Mollie West and Frank Johnson, through her as his guardian, held this property as tenants in common.

When this litigation arose after Mollie's death, one phase charged her with being due her ward a large sum on accounting. Counter charges that his estate owed hers appeared. What equities, as a whole, entered into the decree of 1934, would be difficult to ascertain.

■ Two of the children of Mollie West complain that the debts against her estate were by the decree charged first against realty owned by her in severalty, located in Guntersville, before subjecting her undivided interest in the farm land.

The ground of the complaint is that this Guntersville property was specially devised to these two children, while the farm was devised specially to them and a third child.

In working out the interests of creditors, having first claims on this estate, as well as getting the best results for the devisees, the court of equity cannot be said to have committed error apparent to the injury of these children in this feature of the decree.

For all that appears, both pieces of property so far as owned by Mollie West may be consumed in payment of debts and mortgages.

For all that appears, these children prosecuting this appeal may fare much better in the decree giving all of the family a half interest in the farm through their uncle Frank than in a decree fixing his interest at one-fourth, and Mollie's at three-fourths subject to debts and mortgages. As to these appellants, the decree on bills for review may well be affirmed on this ground.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.