# Meadows *et al.* v. Meadows, Adm'r.

*Confirmation of Sale of Lands by Administrator for Payment of Debts.*

1. *Sale of lands to pay debts; objections to confirmation.*—When decedent's lands have been sold, on the application of the administrator, for the payment of debts, and the sale is reported to the court for confirmation (Code, § 2477; Sess. Acts 1878-9, p. 77), the consideration of the court is limited to three issues—the fairness of the sale, the adequacy of the price, and the sufficiency or solvency of the sureties on the notes for the purchase-money; and these three issues being found in the affirmative the sale must be confirmed, without regard to other questions or objections, which would not afford sufficient ground for setting aside the sale.

[Meadows *et al.* v. Meadows, Adm'r.]

APPEAL from the Probate Court of Lee.

Heard before the Hon. THOMAS L. FRAZER.

The appellee, W. K. Meadows, as administrator *de bonis non* of the estate of Isham Meadows, deceased, having reported a sale of lands for payment of debts, the confirmation of the sale was objected to on, substantially, the following grounds: 1. That the land was sold for a sum greatly less than its real value. 2. That the administrator was the real purchaser and procured a nominal purchaser to buy for him. 3. That the land was advertised for sale, without mentioning the fact, that there was a valuable mill on a part of it. 4. That the widow owned an interest in the land, and this fact did not appear in the order of sale or advertisement. 5. That the report of sale was not made within thirty days thereafter. 6. That a part of the land was not in the possession of the decedent at his death, but was then, and is now, in the possession of appellant, B. F. Meadows, under claim of title. 7. That the sale was not advertised as required by law. 8. That the land was not sold in sub-divisions as required by the order of sale.

The appellant moved the court to require the administrator to demur to, or take issue on, these objections; the court refused the motion, and appellant excepted. The court, *ex mero motu*, refused to entertain or consider all of the above objections except that numbered 1. The appellant separately excepted to this ruling of the court as to each of said objections from 2 to 8, inclusive.

The court confirmed the sale as to part of the land, and set it aside as to part, and, on motion of the administrator, ordered a re-sale of the latter. The court refused to allow appellant to file objections to the order for such re-sale, and appellant excepted to this ruling of the court, and, also, excepted to the granting the order of re-sale. The bill of exception states that, "the court considered under the general issue the fairness of the sale." The decree of confirmation recites, that testimony was taken on both sides, and the fairness of the sale and adequacy of price was fully considered by the court.

W. J. SAMFORD, for appellant, cited, *Rice v. Drennen, Adm'r*, 75 Ala. 335.

W. H. BARNES, *contra*, cited, *Cruikshanks v. Luttrell*, 67 Ala. 318.

SOMERVILLE, J. — The lands in controversy were sold upon application made by the appellee, as adminis-

trator of a decedent's estate, for the payment of debts. Code, 1876, § 2450, *et seq.* The present controversy arises on objections filed to the confirmation of the sale as reported by the administrator to the Probate Court.

The statute provides that the executor or administrator, after making such sale, must within thirty days report his proceedings on oath to the Probate Court, who must examine the same, and may also examine witnesses in relation thereto.—Code, 1876, § 2463, as amended by Act February 13, 1879, Acts 1878-79, p. 77. If, on such examination, the court is satisfied that the sale was not fairly conducted, or that the amount for which the land, or any portion of it sold, was greatly less than its real value, or that the sureties taken on the notes for the purchase-money are insufficient, and the purchaser declines or fails to give additional and sufficient sureties, the court is empowered to vacate such sale, in whole or in part, as the case may be. Code, §§ 2464-2465. If any such sale is set aside or vacated, it is the duty of the court to direct another sale to be made, which must be advertised and conducted in accordance with the requirements of the statute.— Code, § 2466.

Following these provisions is section 2467 of the Code, which as amended by the Act of February 13, 1879, (Acts 1878-79, p. 77), reads as follows: "§ 2467. *Order of confirmation of sale.*—Whenever the court is satisfied that said *sale was fairly conducted,* and the land sold for *an amount not greatly less than its real value,* and the *purchase-money is sufficiently secured,* it must make an order confirming such sale, but such order of confirmation shall not be made until the expiration of ten days after the report of sale is filed."

It thus appears that, by both words of affirmation and of negation, the court is limited to the consideration of three issues in passing on the question of confirming or of vacating such sales.—(1) The fairness of the sale; (2) The adequacy of the price; and (3) The sufficiency or solvency of the sureties. If all three of these conditions be present, the sale must be confirmed. If either of them be wanting, it must be vacated and set aside.—*Cruikshank v. Luttrell,* 67 Ala. 318.

Some of the objections urged, such, for example, as the want of sufficient advertisement, and the failure to sell in sub-divisions as ordered by the court, may or may not have affected the fairness of the sale, or may have been relevant to the question of adequacy of price, or the probable market value of the land. But of themselves, separate and alone, they constituted no sufficient reason for refusing to confirm the sale. It is shown that the court fully tried the

issues as to the fairness of the sale and the adequacy of the price, and the record raises no question as to the sufficiency of the sureties. The court did not err in refusing to go outside of the three grounds of objection prescribed by the statute. The case of *Rice v. Drennan*, 75 Ala. 335, cited by appellant's counsel, is readily distinguishable from the present case.

Affirmed.