# Cox

## *v.*

## Price.

*(Supreme Court of Appeals of Virginia, July 18, 1895.)*

[22 S. E. Rep. 512.]

**Chancery Practice—Vendor's Lien—Suit to Enforce—Cross Bill.***

Plaintiff sold a tract, reserving vendor's lien, and the purchaser sold the same, reserving a like lien. Plaintiff filed a bill to foreclose his vendor's lien, and his vendor, having secured the payment of the sum thus due, filed a cross bill, making all interested parties, and asking that their rights be determined, and the land sold to pay him: *held*, that the cross bill was properly filed.

**Same—Same—Same—Deposit of Funds by Commissioner.**

It is usual to order a commissioner to deposit funds from sale of land in a solvent bank, to await the further order of court, without taking security.

**Same—Same—Same—Same—Public or Private Sale.**

The court has power to authorize a commissioner to sell at private or public sale.

Appeal from corporation court of Bristol ; Rhea, Judge.

Action by C. B. Price, trustee, against George W. Miles and others. George W. Miles filed a cross bill. From a judgment in his favor, the other parties appeal. Affirmed.

*J. H. Wood,* for appellants.

*H. G. Peters* and *Curtin & Haynes,* for appellee.

---

*See generally, monographic note on "Judicial Sales" appended to Walker *v*. Page, 21 Gratt. 636 (Va. Rep. Anno.).

HARRISON, J., delivered the opinion of the court.

In this case the original suit was brought to subject a certain lot of land to the payment of purchase money due thereon to C. B. Price, trustee, the vendor, from George W. Miles, Jr., his vendee, it being secured by vendor's lien reserved in the deed from Price, trustee, to Miles. After the purchase by Miles, he conveyed the lot to John I. Cox, trustee, for the benefit of said Cox and four other persons, and made him a deed reserving the vendor's lien to secure unpaid purchase money.

The original bill, filed by C. B. Price, trustee, the first vendor, sets forth his sale to Miles, and the sale by the latter to Cox, trustee, and makes said George W. Miles, Jr., John I. Cox, and the other beneficiaries under the second deed, parties defendant, and asks for a sale of the lot to satisfy the unpaid purchase money due said Price, trustee. The bill was taken for confessed, and a decree was entered for the sale as prayed for. After this decree, George W. Miles, Jr., one of the defendants, and the vendee of Price, trustee, filed his cross bill in the case, setting out all that had been set out in the original bill, and more specifically setting out his sale of the lot to his codefendant J. I. Cox, trustee, and showing the balance of purchase money then due him from said Cox, trustee. This bill further states that, before the day for the sale under the decree entered on the original bill had arrived, the complainant, Miles, had executed a note to C. B. Price, trustee, with satisfactory security, for the amount due him under the decree in the original suit, and that no sale was to take place under that decree unless there was default in the payment of that note. The cross bill makes all parties plaintiff and defendant in the original suit defendants thereto, and asks that the decree for sale in the original suit be reheard, that a decree be entered settling the rights of all parties, and decreeing in favor of complainant for the balance of purchase money due him from his codefendants, J. I. Cox and others, and for

a sale to satisfy said decree. The court granted the prayer of this cross bill, decreed in favor of George W. Miles, Jr., the plaintiff therein, the amount due him from his codefendants, Cox and others, and directed a sale of the property by the same commissioner appointed in the original decree.

The chief contention of the appellants is that the corporation court of Bristol ought to have dismissed the cross bill, because the contract therein set out should have been enforced by an independent suit, and not by a cross suit.

There can be no question that the relief sought in both the original bill and in the cross bill is properly the subject of equity jurisdiction. The parties in both were the same, the subject-matter was the same, and a sale of that subject to satisfy liens was the object aimed at by both bills. One of the objects of a cross bill is to obtain full relief to all the parties, and it frequently happens, particularly if any question arises between codefendants to a bill, that a court cannot make a complete decree without a cross bill. Whenever a decision is made upon any particular subject-matter, the rights of all persons whose interests are immediately connected with that decision, or are affected by it, should be provided for, as far as possible. It is the constant aim of a court of equity to do complete justice by deciding upon and settling the rights of all persons interested in the subject-matter of the suit.

There could be no possible good accomplished by requiring Miles to bring an independent suit to enforce his vendor's lien against his codefendants, Cox, trustee, and others. He was already a party defendant with them to a suit, brought to sell the lot upon which he held a vendor's lien, subsequent in dignity to that asserted in the original bill. The court could easily settle the rights of all the parties in the pending suit. They were all before the court, and all the cross bill did was to bring to the attention of the court the subordinate vendor's lien due to one of the defendants from the others. The cross bill asked that from the proceeds of sale the first lien be paid, and that

then the balance due the second lienor be paid him. This cross bill grew out of the matters alleged in the original bill, and was intended to bring the whole subject of controversy before the court, so that complete justice to all the parties interested might be accomplished in the proceeding then pending; and the court therefore properly allowed the cross bill to be filed.

The same result might have been accomplished by filing an answer to the original bill, or a petition in the case setting up the amount of the second vendor's lien, so that the sale of the lot might be made with regard to it. A court of equity, however, looks at the substance of things, and does not regard the form. In this case the rights of all parties to the suit have been properly recognized, and nothing has been done prejudicial to the rights of any one. The plaintiff in the original suit makes no complaint that he has been delayed or prejudiced in any way.

Appellants insist that this is a suit for specific performance, and that Miles could not maintain such a suit, because he had not paid his vendor, Price, trustee. This position is not sound. It is not a suit for specific performance, but one to enforce a lien retained in an executed conveyance. Miles has performed his contract by executing a deed and putting his vendees in possession of the lot. And, further, the cross bill asks that his purchase money to Price be paid out of his recovery from appellants; the amount due him from them being much larger than the sum due to his vendor.

Appellants further insist that it was error to direct the commissioner to deposit the proceeds of sale in a solvent bank until the further order of the court, without requiring the bank to give security. This is the usual and proper practice. Courts must have a depositary for money until it can be disbursed, and they can make no better selection for the purpose than a solvent bank. The sale commissioner was a bonded officer, and the appellants were less likely to suffer

than those who held the liens upon the lot; and they are not complaining.

A further objection by appellants is that the court in its decree authorized the sale commissioner, in his discretion, to sell privately or publicly. This was a sound discretion, which the court had the right to exercise. It could not prejudice the appellants, because the sale, whether public or private, had to be reported to the court, and all persons interested would have the opportunity of excepting to the report if the commissioner had exercised the discretion reposed in him to their prejudice, or they could put in an upset bid.

We find no error in the decree complained of, and for the foregoing reasons it is affirmed.