(79 South. 190)

SCHLOSS-SHEFFIELD STEEL & IRON CO. v. BORDEN. (6 Div. 805.)

(Supreme Court of Alabama. June 27, 1918.)

1. PARTITION ⬤⟹36—SALE—DECREE.

Where decree of probate court ordering sale of land for partition conformed to Code 1907, § 5226, in its recitals, it was not insufficient because it determined respective interests of owners.

2. PARTITION ⬤⟹36—SALE OF LAND—DISPROPORTIONATE PRICE—STATUTE.

When probate court is satisfied that sale has been fairly conducted under Code 1907, § 2639, as to when order of sale of decedent's land for distribution will be ordered, it is not authorized to set sale aside unless amount for which property was sold was greatly less than real value.

3. PARTITION ⬤⟹36—SALE OF LAND—DISPROPORTIONATE PRICE—OFFER TO RAISE BID.

That bidder at sale of decedent's land under order of probate court for division offers to raise bid $3,000 if sale is set aside does not prove

amount of bid was greatly disproportionate to value of land; offered increase being only about sixth of price.

Appeal from Probate Court, Walker County; E. W. Long, Judge.

Suit between the Schloss-Sheffield Steel & Iron Company and B. F. Borden. From decree for the latter, the former appeals. Affirmed.

J. H. Bankhead, Jr., of Jasper, for appellant. Norman Gunn and A. F. Fite, both of Jasper, for appellee.

ANDERSON, C. J. [1] The application for the sale of the land complied with section 5205 of the Code of 1907. The decree ordering the sale conformed to section 5226 in its recitals, and was not insufficient because it did adjudge and determine the respective interests of the owners. This was done in the final decree of confirmation and in directing the distribution of the proceeds, and was a sufficient finding as to the interest of the respective owners. These sales are governed by the statutes relating to sales by executors and administrators, and the orders and final decree meet all of the statutory requirements.

[2, 3] When the court is satisfied that a sale has been fairly conducted, it is not authorized to set it aside unless the amount for the which the property was sold was greatly less than the real value of the same. Section 2639 of the Code of 1907. The proof shows that the amount bid was not less than the reasonable market value of the property, the sale was fair and open, and there was competition in the bidding, including this appellant, who owned a five-sixths interest, and who was the next highest bidder. It is true that the appellant offers to raise the bid $3,000 if the sale is set aside, but this does not prove that the amount bid was greatly disproportionate to the real value as this is an offered increase of only about one-sixth of the price paid. Moreover, this increased offer is weakened in its probative force upon the value of the property by the evidence of the appellant that it wanted and intended to buy the property regardless of the price, but its agent did not understand instructions, and we might well infer that this increase is made because of some special design that the appellant may have rather than upon the idea that the property was sold at a sacrifice. The appellant had its opportunity to acquire the appellee's interest at private sale for much less than what the land brought at the sale and also had ample opportunity to continue bidding at the sale, and having abandoned the same after running the price up on this appellee, who owned but a small interest in the property, it would be inequitable to now set the sale aside because of some special reason that the appellant may have for wanting the property. Bethea v. Bethea, 136 Ala. 584, 34 South. 28; Glennon v. Mittenight, 86 Ala. 455, 5 South. 772; Parker v. Bluffton Car Wheel Co., 108 Ala. 140, 18 South. 938; Helena Coal Co. v. Sibley, 132 Ala. 651, 32 South. 718.

The decree of the probate court is affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and GARDNER, JJ., concur.