ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

═══

(115 So. 4)
ANDERSON v. STEINER. (3 Div. 826.)

Supreme Court of Alabama. Dec. 22, 1927.

1. Executors and administrators ⬥363—Circuit court sitting in equity held empowered, in course of administration, to authorize disposition of corporate stock at private sale, notwithstanding chancery rule (chancery court rule 113; Code 1923, §§ 6476–6478).

Under Code 1923, §§ 6476–6478, relating to proceedings on administration of estates in circuit court sitting in equity, circuit court held to have power to authorize disposition at private sale of shares of stock which belonged to deceased, notwithstanding chancery court rule 113 (Code 1923, vol. 4, p. 943), providing that sales of personal property shall be governed by laws applicable to sales under order of probate court, in view of Code 1923, § 6636, since section 6663, providing that Supreme Court shall not modify legislative acts in making rules, operates to make such rule inferior to statutory authority.

2. Equity ⬥22—Circuit court sitting in equity exercises jurisdiction in administering estates unhampered by probate court rules of practice (chancery court rule 113; Code 1923, §§ 6476–6478).

Under Code 1923, §§ 6476–6478, circuit court sitting in equity in the administration of

estates exercises jurisdiction, including the substantive law governing administration of estates in the probate court, unhampered by rules of practice and procedure obtaining in probate court, notwithstanding chancery court rule 113 (Code 1923, vol. 4, p. 943), in view of Code 1923, §§ 6636, 6663.

**3. Executors and administrators ⟊⟊334—Circuit court sitting in equity, had jurisdiction in course of administration to authorize private sale of decedent's shares of stock, notwithstanding time for creditors to present claims had not expired (Code 1923, §§ 6476–6478).**

Under Code 1923, §§ 6476–6478, circuit court *held* to have jurisdiction in course of administration of estate to authorize private sale of shares of stock which belonged to the deceased, notwithstanding there were debts and the 12 months within which creditors might present claims had not yet expired.

**4. Executors and administrators ⟊⟊346—In ordering sale of property of decedent's estate, circuit court must safeguard interests of creditors (Code 1923, §§ 6476–6478).**

In ordering sale of decedent's property in administering estate before 12 months within which creditors might file claims has expired, circuit court setting in equity, under Code 1923, §§ 6476–6478, must safeguard interests of creditors. to the limit of the property of the estate liable for satisfaction of their claims.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Bill in equity by Maud E. Anderson, as administratrix of the estate of I. O. Anderson, deceased, against Robert E. Steiner, Jr., as guardian ad litem for Emily Anderson, and S. D. Cater, as administrator ad litem of the estate of I. O. Anderson, deceased. From a decree sustaining a demurrer to the bill, complainant appeals. Reversed, decree rendered overruling the demurrer, and cause remanded.

Appellant, as administratrix of the estate of her deceased husband, I. O. Anderson, filed an original bill or petition in the circuit court of Montgomery, in equity, to which in due course the administration of the decedent's estate had been removed, seeking authority from that court to sell at private sale certain shares of stock held by the decedent at the time of his death in separate corporations— one, the Anderson Lumber Company, and the other, the Anderson Plumbing Company, both engaged in business at Montgomery. The ownership of shares by decedent in the first-named corporation amounts to one-half of its capital stock, and its ownership of shares in the last-named corporation amounts to more than 80 per cent. of its capital stock outstanding. The bill alleges that the decedent at the time of his death was indebted to both of the named corporations, and prior to his death, had contracted with each of them to build a home for himself (on a lot owned by his wife,

the administratrix) "at the reasonable value of the materials and labor required for the work"; that the work was commenced before the death of the decedent and, after his death, progressed to completion. The cost to each corporation of the labor and material for construction of this building, both before and after the death of the decedent, is claimed by each corporation to be a debt against the estate. The alleged indebtedness to each corporation, when added to the indebtedness alleged to have been owing by decedent prior to his death to each corporation, aggregates a large sum of money, and appellant undertakes by the bill to obtain the court's authority to sell at private sale the shares of stock held by the decedent in the two corporations by allowing the purchase price therefor to be credited with this total indebtedness of the decedent to the respective corporations, and accepting in payment of the balance of the purchase price certain incumbered real estate in one instance, and cash in the other. Offers of the proposed purchasers of the stock, which appellant would have accepted by order of the court, are made exhibits to the bill, and the incumbered real estate sought to be conveyed to complainant, as administratrix, in payment of a part of the purchase price is specifically described in the bill. The decedent died, according to the averments of the bill, in May, 1927, and the bill was filed in October, 1927. Appellee, as guardian ad litem of the infant defendant, demurred and the administrator ad litem joined in the demurrer. The demurrer was sustained, and from that ruling this appeal was taken.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

A court of equity, in the administration of the estate of a decedent, acts according to its own rules and practices, and, upon proper showing made, has the judicial power to direct a private sale of personal property. Code 1923, § 6476; Trucks v. Sessions, 189 Ala. 149, 66 So. 79; Dent v. Foy, 206 Ala. 457, 90 So. 317; Daniell's Chancery Practice, 1293; McCreary v. Billing, 176 Ala. 314, 58 So. 311, Ann. Cas. 1915A, 561. It is the duty of an administrator to remove a lien or charge against personal property of the estate if the value of such property is greater than the lien. or charge, and he is personally liable for failure to exercise such duty. Pryor v. Davis, 109 Ala. 117, 19 So. 440. If one agrees to build a house for another and dies before the work is completed, his executors are bound to perform the contract. Woerner on Administration, § 324; Lavergne v. Evans Bros., 166 Ala. 289, 52 So. 318; Fries v. Acme Lead Works, 201 Ala. 613, 79 So. 45; Wilson v. Andalusia Mfg. Co., 195 Ala. 477, 70 So. 140, 4 A. L. R. 1016. A personal representative may take land in payment of a debt due the-

estate. 24 C. J. 200; Lewis v. Wells, 50 Ala. 198; Wells v. Elliott, 68 Ala. 183.

Steiner, Crum & Weil, of Montgomery, for appellee.

The sale of personal property by an administrator under order of the chancery court must be made as sales of personal property under order of the probate court, at public outcry after notice. Chancery rule 113; Howell v. Randle, 171 Ala. 457, 54 So. 563. The act of 1911 (Code 1923, § 6476) does not authorize a court of equity to disregard, at its discretion, the substantive statutory requirements as to the administration of estates. A proceeding in the course of an administration, instituted before report of insolvency, which undertakes to bind creditors, is premature. Code 1923, §§ 6000, 6020. An administrator cannot, until after expiration of twelve months from the grant of letters, give preference in payment of any debt over other debts of the same class. Code 1923, § 5823. Appellant has authority to transfer the corporate stock without an order of court. Code 1923, § 6996. It would not be to the best interest of the estate to transfer the corporate stock and accept in part payment incumbered real estate. Walker v. Tyson, 52 Ala. 593.

SAYRE, J. [1, 2] We have stated the bill as briefly as may be. It remains to be added that the averment is that the proposed disposition would result in a considerable saving to the estate and be of great benefit to all persons in interest, including creditors, who, in this case, were given notice of the pending proposal—with just what effect need not now be determined. Our attention has been confined to the questions presented for decision, viz.: In the first place, has the court of equity jurisdiction power, in the course of administration, to authorize a disposition of the assets of the estate of a decedent at private sale?

Prior to the Act of April 21, 1911, now in immediately relevant part embodied in section 6476 of the Code, it had been considered by this court, in Roy v. Roy, 159 Ala. 555, 48 So. 793, and Hardwick v. Hardwick, 164 Ala. 390, 51 So. 389, that, since the provisions of the Code (section 157 of the Code of 1896, amended in a respect now immaterial in section 2621 of the Code of 1907) furnished the only authority to any court to sell the lands of a decedent for distribution, the requirements of succeeding sections, regulating the procedure to that end in the case of an estate the administration which had been removed to the chancery court on a showing of special equity, must be followed in the chancery court. But that is not this case, and now the act referred to—the Act of April 21, 1911—has intervened, with what effect is the question in another form presented for consideration.

Patently, that act, brought over into the Code of 1923 as sections 6476, 6477, and 6478, was intended to expedite the settlement of administrations by authorizing their removal into the court of equity without necessity for special grounds of equitable interference, and to that end provided that the court of equity; that is, the circuit court sitting in equity, might, "in its discretion, proceed according to its own rules and practice, without regard to any of the statutory requirements provided for administration of estates in the probate court," and, in further effect, that nothing therein provided should be construed to deprive the equity court of any power or authority conferred upon it by law. At the common law of equity, so to speak, the court administering that jurisdiction, the chancery court, generally effected the sale of property, in case sale should be properly made by that court, by ordering the sale to be made by public auction; the court would, however, where it was for the interest of the parties, depart from its usual course, and allow the property to be disposed of by private contract. 2 Daniell, Ch. Pr. (6th Am. Ed.) star page 1293. This court has abundantly recognized the power of chancery to decree a private sale of the property of minors or other property held in trust where it is made to appear that such method of sale will conduce to the interest of the beneficial owners. McCreary v. Billing, 176 Ala. 314, 58 So. 311, Ann. Cas. 1915A, 561; Martin v. Barnett, 205 Ala. 220, 87 So. 324; Tolley v. Hamilton, 206 Ala. 634, 91 So. 610. And in part, incidental part it may be conceded, the effect of the decree sought by the bill will be to change the form of the property now held in trust by the administratrix—held in trust for creditors, and after debts shall have been paid, for the infant defendant, the child of decedent, to the extent of her interest.

But, it must be noted, the main purpose and intent of the sale sought to be authorized is to rid the trust estate of debts hanging over it and of complications arising out of the fact that stockholders other than the estate of decedent, proposed purchasers in the arrangement for which the bill seeks the approval of the court, are entitled to have the debts due from decedent to their corporations paid and their interests segregated. In view of the principles of equitable jurisdiction heretofore stated, we find no insurmountable obstacles in the way of the proposed sale. The decree under review, as interpreted in the briefs, discloses the fact that the trial court was of opinion that chancery court rule 113 (Code, vol. 4, p. 943) stood in the way of the relief sought. The rule provides that the chancellor, in term time or in vacation, and the register, in vacation, may order the sale of any personal property in the hands of a receiver, executor, or administrator, over which the chancery court has taken jurisdiction. After prescribing the procedure, the rule concludes:

"Sales under such orders shall be governed by the laws applicable to sales of personal property under orders of the probate court, and reports thereof shall be made to the chancery court."

This rule, adopted February 18, 1885, was designed, as we conclude, to expedite the settlement of trust estates in the keeping of the chancery court at a time when that court, as a rule, sat only twice a year, its sittings in many of the chancery divisions being limited to three days. At the present time the circuit court, when exercising equity jurisdiction, is always open for the transaction of any business therein. Code, § 6636. We do not intend to say that the change in the terms of the court of itself worked an abrogation of the rule, but the chronology of the rule is stated because it sheds light upon its true intent and meaning. The rule did not affect the jurisdiction of the court—that, so far as concerns the establishment of new principles of equity otherwise than by the slow growth which responds to changing conditions affecting society at large, was and is a matter of statute law—it merely provided a procedure in cases within the jurisdiction of the court. Another procedure is now established by section 6476 of the Code which at the same time preserves every power and authority conferred upon the court by law. And section 6663 of the Code, while conferring upon the Supreme Court the power to make rules, is careful to say that the court "shall not have authority to change, alter or modify any Act of the Legislature." So that, if it be conceded for the argument that the concluding clause of rule 113 could in any case affect the jurisdiction of the court, that rule is now, in virtue of the act of 1911 (section 6476 of the Code) of no effect, and, if its intent and effect was merely to prescribe procedure—as we think the case was—the court is, by the express language of the act and section last referred to, authorized, in its discretion, to "proceed according to its own rules and practice, without regard to any of the statutory requirements provided for administration of estates in the probate court." Our judgment therefore is that the chancery court; i. e., the circuit court in equity, in the administration of estates removed to it under authority of the statute, exercises the jurisdiction thus acquired, including the substantive law governing the administration of estates in the probate court, but is unhampered by the rules of practice and procedure obtaining in the probate court, observing always the substantive law provided for the security of parties and creditors, and moves in its own way to effectuate equity in all respects possible at the time—this we hold, the editorial note under section 5832 of the Code of 1923 to the contrary notwithstanding. Howell v. Randle, 171 Ala. 457, 54 So. 563, is cited as being to the contrary effect; but that case, like Roy

v. Roy and Hardwick v. Hardwick, supra, was decided before the enactment in 1911 of what is now section 6476 of the Code, and, as for that matter, prior to section 6663 in its present shape.

[3, 4] In the second place, it is urged against the proposed exercise of power by the court of equity in the premises that the bill was filed within twelve months of the grant of letters of administration, that creditors—with some exceptions, not necessary to be noticed in this connection—have twelve months in which to present claims, that the purpose of the bill is to put the decree of the court between complainant administratrix and creditors of the estate or other persons to be affected thereby, and that the court is without power so to interpose. We agree that the court should be without power to impair the rights of creditors who have not had the opportunity prescribed by law for the presentation and adjudication of their claims. In this case creditors—some of them, in any event—have had notice of this proceeding, and an administrator ad litem has been appointed who adopts the demurrer of the guardian ad litem for the infant defendant, but there can be no surety in this or any other like case that all creditors have been brought in until the lapse of twelve months shall have cut off the presentation of claims, or even then, we may suggest. Whetstone v. McQueen, 137 Ala. 317, 34 So. 229. It may be doubted therefore that creditors have any proper place in the case made by this bill or petition. Still their interests must be safeguarded to the limit of the property of the estate liable for the satisfaction of their claims or even more extensively if the administratrix shall fail in any duty in the premises.

A somewhat analogous situation was presented in Nelson v. Atkins, 215 Ala. 88, 109 So. 882, but with differences that may not be ignored, for, in that case the court decreed a sale of lands for division among devisee tenants in common notwithstanding the pendency of the administration, the theory being that the interests of creditors would be conserved by the retention of enough of the fund produced by the sale to satisfy their demands. Moreover, O'Keefe v. Behrens, 73 Kan. 469, 85 P. 555, 8 L. R. A. (N. S.) 354, 9 Ann. Cas. 867, was quoted with favor to this among other effects:

"If after partition the administrator should require the land or some portion of it for the payment of debts, it may then be sold. * * * Therefore it was not necessary that the heirs as a condition of recovery [relief] should either plead or prove that the decedent's estate had been settled, or that no debts existed for the payment of which the land might afterward be appropriated."

This last limitation upon the finality of the proposed disposition may not be made available in the different circumstances of the

present case, but the quoted opinion goes to show that the existence of debts will not deprive the court of the jurisdiction invoked.

But the substantial rights of creditors are not to be affected. Facts are averred which show that the two corporations of which decedent was a member, and to which he was indebted, had a lien upon decedent's shares of stock by reason of which his interest in the corporations might be subjected to sale. In part to pay debts secured by that lien, to change the form of property of the estate in part, and to save the estate by the approval of a beneficial private offer for property which has no market value, though intrinsically valuable, is the alleged purpose of the proceeding. The security of creditors will not be affected if the jurisdiction invoked is prudently exercised. In that case property of equal value with the net value of property now in the hands of the administrator, or, if the averments of the petition be proved, of even greater value, will be left for the payment of other debts, and, of course, creditors may coerce a faithful discharge of the duties of the trust assumed by the administratrix under the responsibilities provided by law. Shelton v. Carpenter, 60 Ala. 212. The court is hence of the opinion that the proceeding here involved invokes a recognized power of the equity court. The decree under review denies the power of the court to approve a private sale. In this there was error. Whether the petition is affected by defects of form is a question that has not been presented and has not been considered. We will not be understood as affirming or denying the presence of such defects. We pass only upon the broad question of jurisdiction.

The matter of the sale desired should be referred to the register to inquire and report whether it will be for the benefit of the parties interested in the estate that the proposal should be accepted. If the court upon careful consideration shall be of opinion that the proposed sale by private contract should be approved, it will be so ordered. 2 Daniell, Ch. Pl. (6th Am. Ed.) star page 1293.

The alleged indebtedness of decedent's estate to the corporations in which he was a shareholder arose, in part at least, from contracts entered into between decedent and his corporations for the construction of a dwelling upon a lot owned by his wife, administratrix, which was completed after his death. We find in appellee's brief a suggestion that:

"While ordinarily an administrator may be held in damages for failure to perform the unexecuted contracts of his decedent, this rule is not without exception, and certainly in a case such as this, where no damage could ensue, because the contract was only to do the work 'at the reasonable value of the materials and labor required for the work,' and not for a specific sum, the administratrix was not justified in having the work completed at the expense of the estate."

But the question of jurisdiction does not involve the question here suggested. The question of the indebtedness as well as the benefit of its proposed settlement remains to be determined.

The decree sustaining the general demurrer to the appellant's bill or original petition will be reversed, a decree here rendered overruling the demurrer, and the cause remanded for further proceedings.

Reversed, rendered, and remanded.

ANDERSON, C. J., and BOULDIN and BROWN, JJ., concur.