29 So.2d 139

**PARKER v. CLAYTON.**

**7 Div. 879.**

Supreme Court of Alabama.

Jan. 30, 1947.

Ernest E. Parker, of Gadsden, for appellant.

L. B. Rainey, of Gadsden, for appellee.

FOSTER, Justice.

This is an appeal from a decree of a court of equity, confirming a sale of certain lands belonging to tenants in common and heirs of an estate.

The assignments of error relate to objections filed by appellant to the report of the register who made the sale, and we will treat them in the order in which they are made.

The first four of the assignments go to the contention that there was error in the decree ordering the sale in that the court did not in that decree or otherwise fix the date on which the sale should be made.

The decree provided that the sale of the land should be at auction, or by private sale, by a named auctioneer, on the property, (and specified the terms of sale, and method of dividing up the land) and required thirty days' notice of the time, place and terms of sale, and description of the land by publication once a week for three consecutive weeks in a named newspaper.

Reliance is had on a statement in some of our cases that the decree of sale "Should fix the time, place, and terms of sale, and that so important a matter should not be left to the undirected judgment of the register." Deegan v. Pake, 233 Ala. 435, 172 So. 270, 272; Marshall v. Rogers, 230 Ala. 305, 160 So. 865; Harvey v. Jenkins, 219 Ala. 121, 121 So. 419.

But appellant has misconstrued the meaning of that expression in respect to the time of sale. It refers to the time required for publication of the notice of the sale.

We have examined the original record in all those cases, and the decree in each did not fix a time during which notice should be published. The court did not mean that the decree must specify the day on which the sale should be conducted.

Assignments No. 5, 6, 7, 8, and 12 go to the objection to a confirmation of the sale on the ground that the notice as set out in

the record is to the effect that the land will be sold on February 18, 1946, whereas the report of the sale shows that the sale was made on February 22, 1946, and there was no showing made that the register or auctioneer announced at the time set for the sale that it would be postponed to February 22d, and that the original notice was published once again with the statement at the bottom that said sale had been postponed, and the date when it would occur, as provided in section 722, Title 7, Code.

■ But we do not think that chapter of the Code relating to notices and hours of sale has application to sales made under a decree in equity, which itself shall prescribe the time of giving notice, the place and terms of sale, and the manner of publicating the notice. Anderson v. Steiner, 217 Ala. 85, 115 So. 4. The court in this instance did not give direction as to how there could be a postponement if at the advertised time the sale should not be conducted, and was at liberty, on objection and exception to the sale upon sufficient showing, to set it aside for a failure to comply with its directions in respect to the notice. But such a failure was an irregularity, which did not render the sale void, though subject to be vacated by the court ordering the sale made before it is confirmed. It was therefore in the power of the trial court to sustain this objection and exception. But it is only when such irregularity is manifestly injurious to the parties to the process or either of them, is it to be considered in determining whether the sale shall stand or be vacated. Ray's Adm'r v. Womble, 56 Ala. 32; Holly v. Bass, 68 Ala. 206; Dean v. Lusk, 241 Ala. 519, 3 So.2d 310.

■■ While this sale is not controlled by the statutory provisions relating to sales made by order of the probate court (section 138, Title 13, Code, Anderson v. Steiner, supra), it is significant to note that section 266, Title 61, Code, applicable to sales made by order of the probate court takes no account of irregularities which are not shown to affect the result of the sale, as to its fairness and the adequacy of the price. Want of sufficient advertisement is mentioned in Meadows v. Meadows, 81 Ala. 451, 1 So. 29, as one irregularity which is thus treated. See also, Roy v. O'Neill, 168 Ala. 354, 52 So. 946.

■ There is no showing made or alleged that the irregularity mentioned resulted in any unfairness, inadequacy of price or other injury to appellant. So that these assignments of error are not well taken.

■ Assignments 9, 10 and 11 relate to alleged error in confirming the report of the sale insofar as it embraces lot 10 in Block 14, because it is alleged that it was given away by the auctioneer. There was an agreement with the auctioneer, confirmed by the court, to survey the land and put on an elaborately advertised and promoted auction sale. This was carried out. The report contains the following: "In further reference to lot 10, Block 14, this lot was a gift lot by Thos. W. Millican, auctioneer, to W. H. Dyer who in turn sold this lot to C. G. Williams. Your attention is directed to page 2 of this report, and to the name C. G. Williams which is designated by * * *. The deed to C. G. Williams, therefore, would include lot 10. These lots, being 14 of them in Block 14, were sold at $8.35 each, except 10 which, as stated, was given away by the *auctioneer*. Thos. W. Millican owes to the administrator $8.35 for this lot and the administrator owed to C. G. Williams $8.35."

It is elsewhere shown that C. G. Williams purchased the other thirteen lots in Block 14 at $8.25 per lot. This was evidently a part of the advertising propaganda incident to the sale. It was all approved by the court, and no prejudice is shown to have resulted, although the report is not entirely clear as to its meaning in stating that the auctioneer "owes to the administrator $8.35 for this lot and the administrator owed to C. G. Williams $8.35." It is clear however that the administrator is to receive the $8.35 for the lot, and if he pays that amount to C. G. Williams, his act in doing so may then be contested. On its face it looks like a part of the expense of the advertisement and publicity given for the sale. There is no reason for sustaining the exception to it made by the appellant.

We have treated all the assignments, and find no reversible error. The decree is affirmed.

Affirmed.

GARDNER, C.J., and LAWSON and STAKELY, JJ., concur.