38 So.2d 10

**MOORE et al. v. FOSHEE et al.**

**5 Div. 464.**

Supreme Court of Alabama.

Dec. 23, 1948.

---

[1] Ante, p. 391.

[2] Ante, p. 32.

490

Grady Reynolds and Reynolds & Reynolds, all of Clanton, for appellees.

**STAKELY, Justice.**

This is an appeal from a decree of the equity court overruling the demurrer to the bill of complaint. The bill is for sale of land for distribution of the proceeds thereof among joint owners or tenants in common. The sole question presented here is whether the bill is multifarious.

Martha A. Moore died intestate, a resident of Chilton County, on April 11, 1902. She was survived by her husband, P. M. Moore, Sr. and eight children. At the time of her death she owned a tract of land containing about eighty acres which is described in the bill of complaint.

P. M. Moore, Sr. remarried shortly after the death of his wife and died about ten years later. Prior to his death six of his children conveyed by deed their interest in the property to him. There are three respondents to the bill of complaint (appellants here), David Moore, Frances Moore

Lawrence F. Gerald and Gerald & Gerald, all of Clanton, for appellants.

Hubert and Alla Taylor Vestal. David Moore is alleged to own an undivided ⅜th interest in a part of the aforesaid tract of land which is referred to in the bill as parcel B. Frances Moore Hubert is alleged to own an undivided ⅜th interest in a part of the aforesaid tract of land which is referred to in the bill as parcel C. Alla Taylor Vestal is alleged to own an undivided ⅜th interest in a part of the aforesaid tract of land which is referred to in the bill as parcel D. David Moore, Frances Moore Hubert and Alla Taylor Vestal each acquired title to their respective interests in and to the aforesaid parcels by inheritance or by conveyance from P. M. Moore, Sr. and all of the children of Martha Moore, except the two children named Alabama Kemp and Nannie Foshee.

Alabama Kemp, otherwise known as Alabama Cox, died intestate and her child Eloise Taylor now owns the original ⅛th interest which her mother owned in the entire tract of eighty acres. Nannie Foshee died intestate and her children, F. M. Foshee and Mary F. Hardy, each own an undivided ¹⁄₁₆th interest in the entire tract of eighty acres. Eloise Taylor, F. M. Foshee and Mary F. Hardy are the complainants (appellees here) named in the bill. It is insisted that there is no common interest in the property between the respondents David Moore, Frances Moore Hubert and Alla Taylor Vestal, because their ownership is in separate parcels and, therefore, that the bill is multifarious.

A situation which appears to be substantially the situation in the case at bar was before this court in the case of O'Neal et al. v. Cooper et al., 191 Ala. 182, 67 So. 689. In that case the question of multifariousness was presented and passed upon and this court held that the bill was not multifarious. There seems to be no reason for restating all that was said in that case. But among other things, some things may be mentioned. For instance, a cotenant may convey at his pleasure his undivided interest in all the lands held in common without the knowledge or consent of his companions in interest. Such a conveyance places the grantee in the deed in the same position which the grantor had previously occupied. Further, a deed from a cotenant of a part of the land held in common cannot in any way operate to the prejudice of the other tenants in common and, therefore, the other tenants in common have a right to have the land partitioned, unaffected by such a conveyance.

Quoting from Mr. Freeman, in his work on Cotenancy and Partition, this court in the foregoing case said:

"* * * 'The grantee then acquires all the interest of his grantor in the special tract, and that interest is the tenancy in the special tract in common with the cotenants of his grantor; but his conveyance did not sever the special tract from the general tract, so far as the cotenants are concerned, and the general tract is therefore liable to partition, so far as the cotenants of the grantor are concerned, as it would be had the conveyance of the special tract not been made.' * * *."

The court was careful to point out that where the title of the original owners to the several parcels was divested, the situation would be different. But here the allegations of the present bill fail to show such situation because the complainants in the bill each now own the undivided interest in the entire tract of 80 acres which their respective predecessors in title held. We have often pointed out that our statutes (§ 186 et seq., Title 47, Code of 1940) were intended for a liberal use of the power of a court of equity in proceedings for the partition or sale for partition of estates of joint owners or tenants in common. O'Neal v. Cooper, supra; Littleton v. Littleton, 238 Ala. 40, 188 So. 902; Weir et al. v. Partridge, 240 Ala. 342, 199 So. 242; Betts v. Betts, 250 Ala. 479, 35 So.2d 91; Grisham v. Grisham, ante, p. 340, 37 So.2d 177.

It results that the bill is not multifarious and the court was correct in overruling the demurrer.

Affirmed.

BROWN, FOSTER, LIVINGSTON and LAWSON, JJ., concur.