Roy D. McCord and L. D. Martin, Gadsden, for appellant.

Ernest Galin, Cullman, for appellees.

123 So.2d 147

### Mildred Giles COPELAND

v.

### J. F. GILES et al.

6 Div. 552.

Supreme Court of Alabama.

Sept. 15, 1960.

GOODWYN, Justice.

This is an appeal by the respondent below from a decree of the circuit court of Cullman County, in equity, overruling her demurrer to appellees' bill seeking a sale of lands for division. The bill, to the extent here material, contains the following allegations and prayers:

"1st. That all the parties complainant and the respondent are over the age of 21 years, * * *.

"2nd. That said parties are the joint owners, owners in common or joint tenants or tenants in common, of certain land in Cullman County, Alabama, viz: [description omitted].

"That complainant, J. F. Giles actually has a life estate in and to said property, but has an agreement with the rest of the complainants to accept a one-ninth undivided share in lieu of all his rights, title or interest in and to said lands.

"That with this understanding, each of the parties complainant and the respondent are each the owner of an undivided one-ninth share in and to said lands.

"3rd. That the said lands cannot be divided or partitioned in kind, for the reason that some are level and some rolling, some being farmed, and some in the woods. Has one dwelling, one set of improvements being a one farm unit. Each of the complainants desires his or her share and desires a sale of the lands for division and distribution and said lands should be sold for this purpose.

"4th. That the complainants have an offer from James M. Floyd and wife, Bobbie Floyd, to purchase these lands at a sale for division at private sale at and for the sum of $5,000.00 plus the costs in the case, and Complainants aver that this is a fair and reasonable price and is acceptable to complainants. That it would be to the interest of all the parties to accept this offer.

"The Premises Considered, Complainants pray that the respondent Mrs. Mildred Giles Copeland, be required to plead, demur to or fully answer this bill of complaint within the time and in the manner as required by law and the rules of this Honorable Court; that upon a hearing of this cause, the lands be ordered sold at private sale, to James M. Floyd and wife, Bobbie Floyd, at and for the sum of $5,000.00, or to any other person who may offer more money, plus the costs of this Court, and attorney's fee to be paid by the purchaser.

"With all other and further orders and decrees as may appear proper. Offering to do equity, and praying for general relief."

The only grounds of the demurrer argued are those questioning the authority of the equity court to order a private sale of the property. No point is made concerning the effect on the bill of the purported agreement that J. F. Giles, one of the complainants, shall have a one-ninth undivided interest in the lands in lieu of his alleged life estate therein.

The only authority cited by appellant in support of her argument is § 186, Tit. 47, Code 1940. No brief has been filed on behalf of appellees.

Section 186 provides as follows:

"The circuit court shall have original jurisdiction to divide or partition, or *sell for partition,* any property, real or personal, held by joint owners or tenants in common; whether the defendant denies the title of complainant or sets up adverse possession or not; and *the court in exercising its jurisdiction shall proceed according to its own practices in equity cases."* [Emphasis supplied.]

We find no statute detailing the manner of selling property under a decree of the equity court in a partition proceeding. In this connection, it should be noted that the chapter of the Code relating to notices and hours of sale (Code 1940, Tit. 7, Chap. 14, § 713 et seq.) has been held to have no application to sales made under a decree in equity. Parker v. Clayton, 248 Ala. 632, 633, 29 So.2d 139. It has also been held that a court of equity in this state has no original or inherent jurisdiction to order the sale of lands for division among the joint owners; that the power to do so is statutory. Berry v. Berry, 266 Ala. 252, 254, 95 So.2d 798; Hoffman v. Jordan, 263 Ala. 23, 27, 81 So.2d 546; Hall v. Hall, 250 Ala. 702, 705, 35 So.2d 681; Sandlin v. Anders, 210 Ala. 396, 397, 98

So. 299; Donnor v. Quartermas, 90 Ala. 164, 170, 8 So. 715, 24 Am.St.Rep. 778; Lyon v. Powell, 78 Ala. 351, 356. Such statutory authority is given by § 186, supra.

■ This brings us, then, to the question whether the equity court, in proceeding "according to its own practices in equity cases", as provided for in § 186, has authority to order a private sale of the property. We are constrained to hold that it does. Anderson v. Steiner, 217 Ala. 85, 87, 115 So. 4; Rucker v. Tennessee Coal, Iron & R. Co., 176 Ala. 456, 471, 472, 58 So. 465; Middleton v. Rigsbee, 179 N.C. 437, 102 S.E. 780, 782; Benet v. Ford, 113 Va. 442, 74 S.E. 394, 396; Tilley's Alabama Equity Pleading and Practice, § 301, p. 394; 50 C.J.S. Judicial Sales § 16, p. 601; Daniell's Chancery Pleading and Practice, 6th Ed., Vol. 2, star page 1293. Cf. Moore v. Foshee, 251 Ala. 489, 491, 38 So.2d 10; Brewer v. Brewer, 250 Ala. 222, 223, 34 So.2d 13. See Parker v. Clayton, 248 Ala. 632, 633, 29 So.2d 139, supra, where the decree provided for a sale at auction or by private sale and no question was raised as to the propriety of so providing.

In Anderson v. Steiner, supra, it was said [217 Ala. 85, 115 So. 5]:

"* * * At the common law of equity, so to speak, the court administering that jurisdiction, the chancery court, generally effected the sale of property, in case sale should be properly made by that court, by ordering the sale to be made by public auction; the court would, however, where it was for the interest of the parties, depart from its usual course, and allow the property to be disposed of by private contract. 2 Daniell, Ch.Pr. (6th Am.Ed.) star page 1293. * *"

From Rucker v. Tennessee Coal, Iron & R. Co., supra, is the following [176 Ala. 456, 58 So. 470]:

"* * * The practice of the chancery court to authorize private sales,

in those exceptional cases in which such method seems likely to produce the best results, is well established.— Dan.Ch.Pl. & Prac. p. 1293; Cox v. Price (Va.) 22 S.E. 512. * * *"

The rule is thus stated in 50 C.J.S. Judicial Sales § 16, p. 601, supra:

"* * * When authorized, or not restricted, by statute, the court may, in the exercise of its discretion, order either a private or public sale as the best interests of the parties require; but the court will not permit a private sale unless it is fully informed of the value of the property and for good reasons. * * *"

In Moore v. Foshee, supra, [251 Ala. 489, 38 So.2d 11] it was again pointed out that "our statutes (§ 186 et seq., Title 47, Code of 1940) were intended for a liberal use of the power of a court of equity in proceedings for the partition or sale for partition of estates of joint owners or tenants in common. [Cases cited.]"

■ It seems to us that a court of equity, under its broad powers, can order a sale of property for division among the joint owners either at public auction or at a private sale. The authority to do so arises from the duty of the court to have the land sold in such manner as will produce the highest possible sum for distribution. The prime objective in all cases is to sell the property so as to realize the best price obtainable. Of, course, any sale made, whether by public auction or at private sale, must be confirmed by the court. In carrying out its authority to order a sale of property the court should do so "with a view to fairness, prudence, and just regard to the rights of all concerned." Benet v. Ford, supra [113 Va. 442, 74 S.E. 396].

The decree overruling the demurrer to the bill is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.