330 So.2d 433

**Harold Dean MITCHELL**

v.

**Sarah J. STONE et al.**

**SC 1727.**

Supreme Court of Alabama.

April 2, 1976.

Scruggs, Rains & Wilson, Fort Payne, for appellant.

Beck & Beck, Fort Payne, for appellee, Sarah J. Stone.

FAULKNER, Justice.

This appeal comes from the Circuit Court of DeKalb County on a judgment ordering a resale of property for division. The only issue before this court is whether the trial judge was correct. In our opinion he was, and we affirm.

On November 21, 1973, S. M. Stone and S. L. Stone filed suit against Eva Mae Jones, B. L. Stone, and Sarah J. Stone to sell 40 acres of land at public auction for division of the proceeds. The first sale was held on April 18, 1975. At this sale a dispute arose over the final bid. Mitchell said when he bid $4,500, the auctioneer closed the bidding. Mr. Beck, who represented Sarah Stone, said he made a bid of $5,000. The Register said she could not determine who the high bidder was, and requested the court to determine the rightful bidder. No sale was reported by her.

The court heard testimony ore tenus and ordered a resale of the property. Additionally he ordered the Register to refund Mitchell's deposit, Sarah Stone to begin the bidding at $8,000 (the reputed fair market value of the property) and that she deposit $1,800 into the court as good faith to guarantee the $8,000 bid. At the sale Sarah Stone became the purchaser for $8,000, and the sale was confirmed by the court.

We agree with the trial court in his decree that "Courts must guard against rendering judicial sales unstable by setting them aside too freely." But, in this case, the court correctly exercised his discretion by ordering a resale because of a mistake and the confusion existing at the first sale. The mistake in the bidding does not appear to be the fault of the interested parties. Consequently the trial court, in confirming the resale, acted with fairness and prudence. We also observe that the difference between Mitchell's bid and the value of the property is $3,500. This may have solidified the trial court's reasoning that there was a mistake in the bidding, and that a resale should be ordered. *Martin v. Jones*, 268 Ala. 286, 105 So.2d 860 (1958). After all is said and done, the primary objective of all sales, public or private, is to get the best price obtainable for distribution. *Copeland v. Giles*, 271 Ala. 302, 123 So.2d 147 (1960).

The trial court's judgment is affirmed.

AFFIRMED.

HEFLIN, C. J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.