MADDOX, Justice.
This is an appeal from a final decree confirming a sale for division among joint owners of approximately 987 acres of land in Perry County. Appellant John Marshall, the owner-respondent in the trial court, owned an undivided Vuth interest in the property. All the other owners (appellees) wanted the property sold for division.
The trial court ordered the land sold for division and appointed a commissioner to conduct the sale. A public sale was held at the Perry County Courthouse and at that time, the land was sold to the highest bidder for the sum of $645,000.
By final decree, the trial judge confirmed the sale and ordered distribution of the proceeds. He ordered the clerk to distribute the principal sum of $25,072.08, plus interest, to appellant, and this was done on September 11, 1979; appellant has never returned to the clerk the sum distributed to him pending his appeal.
*809 I
As we understand appellant’s argument on the merits, he claims that the trial court erred in failing to continue the hearing on the confirmation of the public sale on the ground that “mineral rights were not separately considered because of mistake and inadvertence.”
It is hornbook law, of course, that a motion for continuance addresses itself to the sound discretion of the trial court, and its ruling will not be disturbed on appeal except for a clear showing of abuse of discretion. 2A Ala.Dig., Appeal and Error, Key No. 966(1). There is nothing in this record which shows that the trial judge abused his discretion.
We now consider appellant’s argument that the sale should not have been confirmed because (1) the mineral interests were not separately appraised, and (2) the advertisements failed to contain information regarding the mineral interests. After studying appellant’s arguments and reviewing the record, we are of the opinion that appellant’s contentions are insufficient to warrant our setting aside the order of the trial court. Courts must guard against rendering judicial sales unstable by setting them aside too freely. Mitchell v. Stone, 295 Ala. 378, 330 So.2d 433 (1976). In reaching the opinion we reach in this case, we have applied the rule appellant requests us to apply to the effect that the prime objective in all cases involving sales for division is to sell the property so as to realize the best price obtainable. Copeland v. Giles, 271 Ala. 302, 123 So.2d 147 (1960). This record does not indicate that that prime objective was not realized in this case. There is ample evidence in this record to support the trial court’s confirmation of a public sale. Land was sold to a stranger, and brought $50,000 more than the appraised price. Consequently, we find that the trial court’s determination to confirm the sale was not palpably erroneous or manifestly unjust. Sieben v. Torrey, 252 Ala. 675, 42 So.2d 621 (1949).
II
The appellees filed a motion to dismiss the appeal on the ground that the appellant has received his part of the proceeds of the sale and now appeals from a decision from which he has accepted the fruits. The motion to dismiss, of course, has merit. In Bell v. Crowe, 221 Ala. 609, 130 So. 377 (1930), which involved an identical factual situation as this appeal, this Court dismissed the appeal on that ground. We could dismiss this appeal on this ground, but since we affirm the judgment anyway, the result is the same. We, therefore, deny the motion to dismiss the appeal, and have decided the case on its merits in order to assure its just determination. Rule 1, ARAP.
AFFIRMED.
TORBERT, C. J., and JONES, EMBRY and BEATTY, JJ., concur.