This is an appeal from a judgment confirming the sale of a home for division.
Rayford and Brenda Martin were divorced on January 18, 1978. The wife was awarded possession of the marital home until such time that she remarried, lost custody of her child, or the child reached age nineteen. Upon the occurrence of one of these events, the home was to be sold and the proceeds were to be divided between the parties.
On October 17, 1980 the husband petitioned to have the house sold because the wife had remarried. The circuit court entered an order allowing a private sale of the home. At this sale the husband and wife were the only bidders. The husband was highest bidder, offering $33,000 for the property. The husband, however, could not raise enough money to complete the sale, and as a result the court set aside the sale. Since the husband failed to raise the money to pay his bid, the court ruled that he could not bid in the subsequent sale.
A second sale was held on June 12, 1981. At that sale the wife made the highest bid on the property. Her bid was $15,600. The husband filed an objection to this sale in the circuit court on June 17, 1981. At the same time, the husband's brother-in-law, Charles Beddingfield, deposited $16,600 with the court to purchase the property. Later Beddingfield added $3,400 to this amount to make his total bid $20,000.
After a hearing on the merits, the trial court confirmed the sale to the wife on September 22, 1981. The husband filed a motion for new trial, which was deemed denied after the passage of ninety days. The husband then filed a timely appeal with this court.
The only issue is whether the trial court erred in failing to set aside the sale. We find no error and affirm the judgment.
The court in confirming the sale noted that the wife's bid was less than the fair market value of the property, but that it was not so low as to warrant setting aside the sale. The husband contends that the court erred based on the fact that his brother-in-law was willing to pay $20,000 for the property and based on the fact that the wife had previously bid $32,500 on the property.
None of the parties involved in this sale are strangers. The husband went to Beddingfield after the sale to the wife and asked him to bid on the property. The wife, also, was certainly interested in the outcome of the sale.
In Spence v. Spence, 239 Ala. 480, 195 So. 717 (1940), the standard for reviewing judicial sales when the purchaser is not a stranger was set forth. The court in Spence held that such a sale should be confirmed if the price bid is measurably adequate or not greatly less than the property's market value. The court held that even though someone offered a much larger bid later, the sale should not be set aside if the original bid meets the standard. *Page 1122 
The overriding objective in these cases is to sell the property so as to realize the best price possible with regard to fairness and the rights of all the parties. Copeland v.Giles, 271 Ala. 302, 123 So.2d 147 (1960). Certainly the wife's bid in the present case was lower than the market value of the property. The question, however, is whether her bid was so inadequate as to warrant ordering a new sale.
Under the ore tenus rule we must presume that the trial court's conclusions are correct, and we will not disturb these findings unless they are palpably wrong. Sieben v. Torrey,252 Ala. 675, 42 So.2d 621 (1949). Furthermore, courts must not render judicial sales unstable by setting them aside too freely. Marshall v. Howze, 387 So.2d 808 (Ala. 1980).
In the present case the sale was advertised in the paper several times. The wife was high bidder at the sale. It was not until after the sale that Beddingfield came forward to make an offer for the home. Although Beddingfield's offer was substantially more than the wife's bid, we cannot find that the wife's bid was so inadequate as to require reversal. SeeSanford v. Sanford, 355 So.2d 365 (Ala. 1978).
The parties' requests for attorneys' fees for this appeal are denied.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.