HOLMES, Judge.
This is an appeal from a court order ordering a resale of marital property sold under a previous court order.
The parties to this appeal were divorced in February 1982. The divorce decree gave the wife the use of the marital home and approximately seven acres of land surrounding the house. When the wife remarries, the decree in pertinent part provides that the homeplace would be sold and the proceeds divided equally. The property is subject to a $10,000 mortgage held by the husband’s father.
The wife subsequently remarried and she petitioned to have the property sold as mandated by the terms of the decree. The trial court ordered the property sold at public auction and the proceeds divided after the mortgage was paid.
At the auction the husband’s father bid $10,000, the highest and only bid received, and the property was “knocked down” to him. The husband’s father set off his mortgage against the purchase price and obtained title. The husband’s father is not a party to this appeal. The parties are the wife and the husband.
Thereafter, the wife objected to the sale on the grounds that the price was inadequate and that the husband and his family prevented others from bidding by intimidating them.
At the hearing the wife presented a witness who testified that he would pay $15,-000 for the property if it were to be resold. The witness further testified that he had intended to bid as much as that on the property at the auction, but he did not bid at all because he was, in effect, “discouraged” from bidding by the husband’s brother who lived next to the property.
After the hearing, the trial court set aside the sale to the husband’s father and ordered the property resold at public auction. The husband, through able counsel, now appeals that order.
The only issue on appeal is whether the trial court erred in setting aside the sale. We find no error and affirm.
It has been said that the overriding objective in cases such as this one is to sell the property so as to realize the best price possible with regard to fairness and the rights of all the parties. Martin v. Martin, 415 So.2d 1120 (Ala.Civ.App.1982). Also, under the ore tenus rule, we must presume that the trial court’s conclusions are correct, and we will not disturb these findings unless they are palpably wrong. Martin v. Martin, 415 So.2d 1120 (Ala.Civ.App.1982).
This court is aware of the principle that courts must not render judicial sales unstable by setting them aside too freely. Martin v. Martin, 415 So.2d 1120 (Ala.Civ.App.1982). However, “each case of this kind must rest upon its own bottom,” and if, after considering all of the surrounding facts and circumstances, the trial court is *639 convinced that the price obtained was not a reasonably fair one, then it is within the trial court’s discretion to order a new sale. Jones v. Bridges, 336 So.2d 1113 (Ala.1976).
Considering the facts and circumstances under the presumptions accorded the trial court, we find that a resale of the property would be consistent with the objective of realizing the best price possible with regard to everyone’s rights. The ordering of the resale was within the trial court’s discretion which, in this instance under these facts, was properly exercised.
Here, the sale was not to a stranger; it was to the husband’s father who also happened to hold the mortgage on the property. The purchase price bid by the father equalled his mortgage so that the parties did not realize any money from the sale, only relief from the mortgage, and furthermore, the parties are responsible for the expenses of the sale. The father’s mortgage will be satisfied from the resale so it appears that he will not be out any money except possible incidental expenses. Clearly, under these facts, the trial court was within its discretion in ordering a new sale to achieve a reasonable price. The parties are not prejudiced by the trial court’s action, and the father is not a party to this appeal, although it appears that he will not be substantially harmed.
In regard to the matter of “intimidation” by the husband’s family, there is evidence to support the trial court’s findings.
At the hearing a witness testified that he went out to inspect the property before the auction with the intention of calculating a bid. While on the property the witness was approached by the husband’s brother. According to the witness, the brother indicated that the witness was not welcome on the property and that the property belonged to his father. The witness and the husband’s brother had a conversation concerning the sale of the property, and the brother informed the witness that the neighbors, of whom the brother was one, would not be too “friendly” if the witness bought the property at auction.
The witness further testified that he attended the auction but did not bid when he saw that the husband’s father was the only one bidding.
The trial court concluded that the brother’s actions were enough to taint the sale. Under the present facts and circumstances, we cannot say that the trial court’s conclusions, when viewed with the attendant pre--sumptions, are in error. This is so especially considering our conclusion on the adequacy of the price.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.