CRAWLEY, Judge.
Peter Ladewig appeals from an order of the Shelby County Probate Court disapproving his contract to purchase land from the estate of Irene Elizabeth Arnold. This case was transferred from the supreme court pursuant to Ala.Code 1975, § 12-2-7(6).
On July 26, 1996, the co-administrators of the estate entered into a real estate sales contract with Ladewig (the “Ladewig contract”). The stated purchase price was $578,000. Ladewig paid $20,000 in earnest money and was required to pay the remaining $558,000 in cash upon closing. An addendum to that contract stated:
“The parties to this agreement fully understand that the Co-Administrators of the above-designated estate do not have the power to sell the real estate which is the subject of this contract, and the parties agree that the sale of such property is contingent upon approval by the Probate Court of Shelby County, Alabama, or such other Court with appropriate jurisdiction to enter an Order regarding such sale.”
The co-administrators entered into a second real estate sales contract for the same land in early August with Mr. Eddie Lump-kin (the “Lumpkin contract”). The purchase price under the Lumpkin contract was $610,-000. Lumpkin also paid $20,000 in earnest money and was also required to pay the remaining $590,000 in cash upon closing. As in the Ladewig contract, the addendum contained a provision providing for approval by the probate court.
The probate court, after a hearing, approved the Lumpkin contract and rejected the Ladewig contract. Ladewig appeals, arguing that the probate court should not have disapproved his contract. The thrust of his argument is that Ala.Code 1975, § 43-2-844, which requires probate court approval for the sale of real estate when the personal representative has not been granted the power of sale by the will, does not state factors for the probate court’s consideration and that, because it omits this guidance, the probate court should have followed the general guidance provided by Ala.Code 1975, §§ 43-2-461 and -462, which address the powers of a probate court in confirming a sale. We disagree.
The Ladewig contract had as a condition precedent the approval of the probate court. See Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc., 611 So.2d 238, 245 (Ala.1992)(stating that “when a party cannot perform a contract without obtaining the consent of a third person who is free to withhold it, such consent is a condition precedent to performance of the contract”). The performance of the Ladewig contract, then, was conditioned on the pre-sale approval of the probate court. The statutes cited by Ladew-ig do not apply to private sales; the statutes apply where the personal representative of an estate petitions the court for a public sale of real property for the purpose of paying debts or for division. §§ 42-2-461 and -462.
As Ladewig argues, the probate court is limited in its decision on confirmation of a public sale to three issues: (1) the fairness of the sale, (2) the adequacy of the price, and (3) the sufficiency or solvency of the sureties. Meadows v. Meadows, 81 Ala. 451, 1 So. 29 (1887). And, indeed, a sale cannot be set aside if the price is adequate, even if a later bid would exceed that price. Schloss-Sheffield Steel & Iron Co. v. Borden, 201 Ala. 628, 79 So. 190 (1918). However, *27 these rules do not apply; at the time of the probate court’s approval, no sale had taken place. What the parties had was a contract with a condition precedent that had yet to be fulfilled.
The probate court properly considered the best and highest offer as the most desirable and disapproved the lesser offer — the La-dewig contract. The probate court’s decision is based on the testimony of the parties and the heirs of the estate; the decision being based upon ore tenus evidence and not appearing to be palpably erroneous, we will not disturb it. McCallie v. McCallie, 660 So.2d 584, 585 (Ala.1995). We affirm.
AFFIRMED.
YATES, MONROE, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in the result.